# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): 15-464

Caption [use short title]

Motion for: stay briefing and hold appeal in abeyance or in the alternative grant Appellant an extension of time to file brief

Katz v The Donna Karan Company, L.L.C.

Set forth below precise, complete statement of relief sought:

An Order (1) staying brief and holding this appeal in abeyance pending the outcome of the appeal pending of 14-3709 Cruper-Weinmann v. Paris Baguette America, Inc. (Second Circuit) (2) or in the alternative, granting Appellant an extension of time until May 15, 2015 to file his brief.

MOVING PARTY: Yehuda Katz
☐ Plaintiff   ☐ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

OPPOSING PARTY: Donna Karan International, Incorporated et al. (All Defendants)

MOVING ATTORNEY: Shimshon Wexler

OPPOSING ATTORNEY: Gregg M. Mashberg

[name of attorney, with firm, address, phone number and e-mail]

The Law Offices of Shimshon Wexler, PC
1411 Dalewood Dr. NE, Atlanta, GA 30329
212-760-2400/ 917-512-6132 (fax)

Proskauer Rose LLP
Eleven Times Square, New York, NY 10036
212-969-3450/ 212-969-2900 (fax)

Court-Judge/Agency appealed from: United States District Court for the Southern District of New York- Hon. Judge Paul A. Crotty

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed  ☐ Opposed  ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?  ☐ Yes ☐ No
Has this relief been previously sought in this Court?  ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?  ☐ Yes ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes ☑ No  If yes, enter date:

**Signature of Moving Attorney:**
/s/ Shimshon Wexler  Date: _____  Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

Form T-1080 (rev. 12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ X
YEHUDA KATZ,
individually and on behalf of a class
      Plaintiff-Appellant,    **Docket No. 15-464**

-against-

THE DONNA KARAN COMPANY, LLC et al.

      Defendants-Appellees.
─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ X

## **MOTION TO STAY BRIEFING AND HOLD APPEAL IN ABEYANCE**

Pursuant to Fed. R. App. P. 27 and the Local Rules of this Court, Plaintiff-Appellant Yehuda Katz ("plaintiff") moves to stay the briefing schedule and hold this appeal in abeyance pending resolution of the pending appeal in *Cruper-Weinmann v. Paris Baguette America, Inc.* No. 14-3709 (2nd Cir.), which presents identical issues. In the alternative, plaintiff requests until May 15, 2015 to file his brief.

1. Plaintiff received an electronically printed sales receipt which contained the first 6 digits as well as the last 4 digits of his credit card number. 15 U.S.C. § 1681c(g)(1) prohibits the printing of anything other than the last 5 digits or the expiration date of an individual's card number. Plaintiff-appellant alleged a reckless – in statutory terms a "willful" – violation as defined in *Safeco Insurance Company of America v. Burr* 551 U.S. 47, 69 (2007) entitling him to statutory damages under 15 U.S.C. § 1681n. The district court dismissed plaintiff's complaint for failure

to state a claim, holding that the Amended Complaint failed to allege a "willful" violation of the statute because:

> "[T]here are no factual allegations supporting a plausible inference that Defendants knew their conduct violated the truncation requirement or that Defendants consciously chose to violate FACTA. *See Crupar-Weinmann v. Paris Baguette Am., Inc.,* 2014 WL 2990110, at *4 (S.D.N.Y. Jun. 29, 2014) ("[A]llegations that plausibly suggest that defendant knew about FACTA's requirements[] do not support a plausible inference that defendant knew that it was violating FACTA").

*Katz v Donna Karan International et al* 14-cv-740(PAC) at *2 (January 30, 2015)

2. A substantively identical appeal of the district court decision in *Cruper-Weinman v. Paris Baguette Am., Inc*, *supra*, on which the district court in this case exclusively relied on the issue of statutory willfulness, is already before this Court.

3. The notice of appeal in *Cruper-Weinmann* was filed October 1, 2014. Plaintiff notified the district court by letter filed via CM/ECF of this appeal on October 24, 2014. The court below issued its opinion dismissing the case on January 30, 2015, in reliance on *Cruper-Weinmann*. Appelant's brief was filed on January 14, 2015 in *Cruper-Weinmann*.

4. This Court may hold an appeal in abeyance where a previously filed appeal raises issues that are dispositive to the later-filed appeal. *See, e.g.*, *United States v. Outen,* 286 F.3d 622, 631 (2d Cir.2002). The Court should do so here. This appeal and the *Cruper-Weinmann* appeal both involve the same issue – the interpretation of the word "willful" at 15 U.S.C. § 1681n and the application of Supreme Court's decision interpreting the term "willful" as used in 15 U.S.C. § 1681n to encompass "reckless" conduct as defined in *Safeco,* 551 U.S. at 69.

5. Accordingly, this Court's decision in *Cruper-Weinmann* will largely if not entirely determine the outcome of this appeal. Requiring a second round of briefing in this appeal would needlessly expend judicial and party resources.

6. Nor would it be appropriate to consolidate this case with *Cruper-Weinmann* instead of holding it in abeyance. As discussed, briefing in *Cruper-Winmann* is already well under way, and consolidating the two cases would restart and delay that process. Consolidation would also waste the substantial resources the parties have already invested in briefing that case.

7. The undersigned counsel has discussed with Gregg Mashberg, counsel for Defendants on March 2, 2015 whether Defendants would consent to this request. Mr. Mashberg indicated on a voice message left at approximately 5pm on March 4, 2015 that he did not have a final response as to whether he consents to this motion and as soon as he had a final answer, the latest being March 9, 2015, he would get back to me. It is now after the close of business of Mach 9, 2015, therefore I am filing this motion.

8. Accordingly, plaintiff respectfully requests that this Court suspend briefing in this case and hold this appeal in abeyance pending resolution of the identical issues in *Cruper-Weinmann v. Paris Baguette America, Inc.*, No. 14-3709 (2nd Cir.). In the alternative, plaintiff requests an extension of time until May 15, 2015 to file his brief.

Dated: March 9, 2015

                                                  Respectfully Submitted,
                                                  /s/ Shimshon Wexler