# 15-464

## United States Court of Appeals
## for the Second Circuit



YEHUDA KATZ,

*Plaintiff-Appellant,*

v.

THE DONNA KARAN COMPANY, L.L.C.,
THE DONNA KARAN COMPANY STORE, L.L.C.,
DONNA KARAN INTERNATIONAL, INCORPORATED,
*Defendants-Appellees.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

## APPELLANT'S BRIEF AND JOINT APPENDIX

GREGG M. MASHBERG, ESQ.
DAVID A. MUNKITTRICK, ESQ.
CHARLES S. SIMS, ESQ.
PROSKAUER ROSE, LLP
*Attorneys for Defendants-Appellees*
11 Times Square
New York, New York 10036
(212) 969-3000

SHIMSHON WEXLER, ESQ.
LAW OFFICES OF
SHIMSHON WEXLER, P.C.
*Attorney for Plaintiff-Appellant*
1411 Dalewood Drive, NE
Atlanta, GA 30329
(212) 760-2400

# BRIEF

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ..................................................................... iii

JURISDICTIONAL STATEMENT ......................................................1

ISSUES PRESENTED FOR REVIEW ..................................................1

STATEMENT OF THE CASE................................................................3

    Procedural History ...........................................................................3

    FACTA – Truncation Requirement and Civil Damages Provision.................3

    *Safeco* – Willfulness Under FACTA Equated to Civil "Recklessness"..........4

    The Complaint .................................................................................5

    The Decision Below ........................................................................10

    Related Case ...................................................................................11

SUMMARY OF ARGUMENT ............................................................11

ARGUMENT
I.    IN PROGRAMMING SYSTEMS THROUGHOUT THEIR NATIONWIDE RETAIL OPERATION TO ISSUE POINT OF SALE RECEIPTS PRINTING "MORE THAN THE LAST FIVE DIGITS" OF CUSTOMERS' CREDIT CARD NUMBERS, THE DEFENDANTS ACTED "WILLFULLY," OR "RECKLESSLY" UNDER *SAFECO*, IN THAT THE PROHIBITED ACT, "OBJECTIVELY ASSESSED," SHOWS "NOT ONLY A VIOLATION UNDER A REASONABLE READING OF THE STATUTE'S TERMS, BUT . . . THAT THE COMPANY RAN A RISK OF VIOLATING THE LAW SUBSTANTIALLY GREATER THAN THE RISK ASSOCIATED WITH A READING THAT WAS MERELY CARELESS," AND DOES NOT REQUIRE "SUBJECTIVE KNOWLEDGE ON THE PART OF THE OFFENDER." ...............................................................13

II.    FACTA'S UNAMBIGUOUS TRUNCATION REQUIREMENT IS SUSCEPTIBLE OF ONLY ONE REASONABLE CONSTRUCTION, UNDER WHICH DEFENDANTS' SYSTEMATIC VIOLATION OF IT WAS RECKLESS WHEN "OBJECTIVELY ASSESSED" UNDER *SAFECO*, PARTICULARLY WHERE DEFENDANTS HAD ACTUAL KNOWLEDGE OF THE TRUNCATION REQUIREMENT FOR YEARS PRIOR TO THE TRANSACTION AT ISSUE .............................16

III.   THE DISTRICT COURT IMPROPERLY DREW AN INFERENCE IN FAVOR OF DEFENDANTS, TO THE EFFECT THAT "PARTIAL COMPLIANCE" NEGATES SUBJECTIVE "WILLFULLNESS," THUS DENYING PLAINTIFF THE BENEFIT OF THE NO LESS PLAUSIBLE INFERENCE THAT "PARTIAL COMPLIANCE" DEMONSTRATES SUFFICIENT KNOWLEDGE OF THE STATUTORY REQUIREMENTS TO ESTABLISH ACTUAL SUBJECTIVE WILLFULNESS. ..................................................19

CONCLUSION .........................................................................................22

# TABLE OF AUTHORITIES

***Cases***                                                                 *Page(s)*

*Anderson News, L.L.C. v. Am. Media, Inc.,*
   680 F.3d 162 (2d Cir. 2012) ............................................................20

*Arcilla v. Adidas Promotional Retail Operations, Inc.,*
   488 F. Supp. 2d 965 (C.D. Cal. 2007) .............................................16

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)..........................................................................10

*Bateman v. American Multi-Cinema, Inc.,*
   623 F.3d 708 (9th Cir. 2010) ...........................................................17

*Buechler v. Keyco, Inc.,*
   No. WDQ–09–2948, 2010 WL 1664226 (D. Md. April 22, 2010)..............16, 22

*Cruper-Weinmann v. Paris Baguette Am., Inc.,*
   2014 WL 2990110 (S.D.N.Y., June 29, 2014) ...........................11, 13

*Ehrheart v. Verizon Wireless,*
   609 F.3d 590 (3d Cir. 2010) .............................................................17

*Farmer v. Brennan,*
   511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) .................14

*Follman v. Hospitality Plus of Carpentersville, Inc.,*
   532 F. Supp. 2d 960 (N.D. Ill. 2007).................................................17

*Hammer v. Sam's East, Inc.,*
   No. 08–0788–CV–W–HFS, 2012 WL 5380928 (W.D. Mo. Nov. 16,
   2012) ............................................................................................17, 18

*In re TJX Companies, Inc.,*
   2008 WL 2020375 (D. Kan. 2008)...................................................22

*Katz v ABP Corp., No. 12-cv-4173,*
   2013 WL 2444605 *(E.D.N.Y. June 4, 2013)*.....................................22

*Kivo v Blumberg Exelsior, Inc.*
    982 F. Supp. 2d 217 (E.D.N.Y. Nov. 16, 2013) ...................................................18

*Korman v. Walking Co.*,
    503 F. Supp. 2d 755 (E.D. Pa. 2007) .................................................................17

*Kubas v. Standard Packing Corp.*,
    594 F. Supp. 2d 1029 (N.D. Ill. 2009) ...............................................................17

*Levine v. World Fin. Network Nat'l Bank*,
    554 F.3d 1314 (11th Cir. 2009) .........................................................................15

*Long v. Tommy Hilfiger U.S.A., Inc.*,
    671 F.3d 371 (3d Cir. 2012) ...............................................................15, 17, 18

*Ramirez v. MGM Mirage, Inc.*,
    524 F. Supp. 2d 1226 (D. Nev. 2007)................................................................17

*Ramirez v. Midwest Airlines, Inc.*,
    537 F. Supp. 2d 1161 (D. Kan. 2008)................................................................16

*Redman* v. *RadioShack Corp.,*
    768 F.3d 622 (7th Cir. 2014) ...............................................................14, 15, 17

*Safeco Ins. Co. of America v. Burr,*
    551 U.S. 47 (1997).............................................................................. 1, 4, 11-19

*Sanders v. W & W Wholesale Inc.*,
    No. 11 C 3557, 2011 WL 4840978 (N.D. Ill. Oct. 12, 2011)............................22

*Shlahtichman v. 1–800 Contacts, Inc.*,
    615 F.3d 794 (7th Cir. 2010) .....................................................................17, 18

*Simonoff v. Kaplan, Inc.*,
    No. 10 Civ. 2923(LMM), 2010 WL 4823597 (S.D.N.Y. Nov. 29, 2010) .........18

*Stillmock v. Weis Markets, Inc.*,
    385 Fed.Appx. 267 (4th Cir. 2010)...................................................................17

*Troy v. Home Run Inn, Inc.*,
No. 07 C 4331, 2008 WL 1766526 (N.D. Ill. Apr. 14, 2008) ......................17, 22

*Van Straaten v. Shell Oil Products Co. LLC*,
678 F.3d 486 (7th Cir. 2012) ................................................................14, 17, 18

**Statutes/Regulations/Miscellaneous**

15 U.S.C. § 1681c(g) ........................................................................16, 17, 18
15 U.S.C. § 1681c(g)(1)........................................................................1, 2, 6, 12
15 U.S.C. § 1681c(g)(3)(B) ...........................................................................6
15 U.S.C. § 1681m(a) ..................................................................................4
15 U.S.C. § 1681n........................................................................3, 4, 5, 11
15 U.S.C. § 1681n(a) ...................................................................................4
15 U.S.C. § 1681p........................................................................................1
15 USC §§ 1681 *et seq.*................................................................................1
28 U.S.C. § 1291 ..........................................................................................1
28 U.S.C. § 1331 ..........................................................................................1
Fed. R. Civ. P. 12(b)(6).............................................................................2, 12

# JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and under 15 U.S.C. § 1681p, the jurisdictional provision of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 USC §§ 1681 *et seq.* The district court opinion and order granting Defendants'/Appellees' motion to dismiss issued on January 29, 2015.  Joint Appendix ("JA") 28-32. Judgment of dismissal was entered on January 30, 2015.  (JA33)  Notice of appeal was filed within 30 days, on February 18, 2015. (JA34-35)  This Court has appellate jurisdiction under 28 U.S.C. § 1291.

# ISSUES PRESENTED FOR REVIEW

1. When Defendants programmed hardware and software systems throughout their nationwide retail operation to issue point of sale receipts printing "more than the last five digits of the [customer's credit] card number,"  15 U.S.C. § 1681c(g)(1), did they act "willfully," i.e. "recklessly," in violation of  FACTA, when "recklessness" is "objectively assessed," and shows conduct that is "not only a violation under a reasonable reading of the statute's terms, but . . . that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless," *Safeco Ins. Co. of America v. Burr,* 551 U.S. 47, 69 (1997), and does not require "subjective knowledge on the part of the offender?"  *Id*. at 69 & n.18.

2. When the applicable FACTA truncation requirement is unambiguous and susceptible of only one reasonable constriction ("no person . . . shall print . . . more than the last five digits of the card number," 15 U.S.C. § 1681c(g)(1)), is the systematic, widespread programming of computers throughout a nationwide retail operation in violation of the truncation requirement of FACTA undertaken recklessly when "objectively assessed" under *Safeco*, where the offending merchant had actual knowledge of the requirements FACTA for years prior to the transaction at issue, from numerous private and governmental sources?

3. Under Fed. R. Civ. P. 12(b)(6), was it improper for the district court to draw an inference in favor of defendants, to the effect that so-called "partial compliance" with 15 U.S.C. § 1681c(g)(1) negates any inference that defendants' violation of FACTA could have been subjectively "willful", denying Plaintiff the benefit of the no less plausible inference that "partial compliance" demonstrates sufficient knowledge of the statutory requirements to show "subjective willfulness?"[1]

---

[1] Resolution of issues 1 and 2 in appellant's favor will moot this issue.

# STATEMENT OF THE CASE

## Procedural History

This action was brought by Yehuda Katz (hereinafter "Plaintiff"), on behalf of himself and others similarly situated, against The Donna Karan Company, LLC; The Donna Karan Company Store, LLC; and Donna Karan International, Inc. (hereinafter collectively "Defendants"). Defendants filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (JA21-22), which the district court granted. (JA28-32)  After entry of judgment of dismissal (JA33), this appeal was timely filed. (JA34-35).

## FACTA – Truncation Requirement and Civil Damages Provision

Two statutory provisions are involved in this appeal.  The first, 15 U.S.C. § 1681c(g)(1),  provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number . . . upon any receipt provided to the cardholder at the point of sale or transaction."  There is no dispute that Defendants violated this provision when Plaintiff was issued a point of sale receipt which printed the first six digits of his sixteen digit credit card number.  (JA27)

The second, 15 U.S.C. § 1681n, is pivotal on this appeal.  Under 15 U.S.C. § 1681n and its subsections, "[a]ny person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that

consumer" for actual damages or "damages of not less than $100 and not more than $1,000" for each violation, plus "such punitive damages as the court may allow," together with costs and attorney fees.

**_Safeco_ – Willfulness Under FACTA Equated to Civil "Recklessness"**

The United States Supreme Court's teachings in _Safeco, supra_, are controlling as to the application of the requirement that violations of FACTA be "willfully" undertaken in order to trigger an award of statutory damages. In _Safeco_, plaintiff sought statutory damages under 15 U.S.C. § 1681n for a claimed violation of 15 U.S.C. § 1681m(a), which mandates that consumers be given notice of "adverse action . . . based in whole or in part on any information contained in a consumer [credit] report."

The Supreme Court held that a "willful" violation sufficient to support a damage award under 15 U.S.C. § 1681n(a) does not "require[] subjective knowledge on the part of the offender." 551 U.S. at 69 & n.18. Rather, the Court held that acting "willfully" within the meaning of 15 U.S.C. § 1681n encompasses "reckless" conduct which, "objectively assessed," is "not only a violation under a reasonable reading of the statute's terms, but . . . [conduct that runs] a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." _Id_. at 69.

The Court concluded that the defendant in *Safeco* had in fact violated the provision at issue, properly construed. However, the defendant's conduct complied with a reasonable, albeit erroneous, construction of a "less-than-pellucid" statutory text, as to which no authoritative guidance from the courts of appeal or the Federal Trade Commission was available. On those facts, the Supreme Court held that defendant's conduct did not rise to the level of objectively assessed recklessness required to satisfy the willfulness requirement of 15 U.S.C. § 1681n. *Id.* at 69-70.

**The Complaint**

Plaintiff's First Amended Complaint (JA10-20) (the "Complaint") alleges that Defendants violated FACTA by providing Plaintiff with a credit card receipt that displayed the first six digits of his account number. A 13-14. The Complaint further alleges that the receipt provided to Plaintiff (JA27) was not an isolated occurrence, but instead was a manifestation of an intentionally implemented, systemic practice by which the computer which generated Defendants' "Point of Sale" ("POS") receipts "was programmed through hardware and software systems" to print digits which FACTA commands shall not be printed, generating large numbers of uniformly violative receipts. (JA13, ¶¶ 31-37)

Next, the Complaint sets forth the specific factual allegations at the heart of the present appeal, preceded and followed by summary paragraphs tying them to

the statutory requirements, in particular the "willfulness" standard as construed by the Supreme Court in *Safeco*. We quote these paragraphs in full below. Paragraphs 38, 57 and 62, on which the district court focused (JA30), and passages in the intervening paragraphs which specifically assert Defendants' actual knowledge of salient facts and legal requirements, are set forth with added emphasis:

> *38. In allowing point of sale receipts for in-store transactions, such as the [Plaintiff's] receipt, to include digits other than the last five digits of customers' credit card numbers, Defendants acted in reckless disregard of the applicable legal standard, as to which they have been on repeated actual notice for many years. This was "not only a violation under a reasonable reading of the statute's terms, but . . . the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless," and was thus "willful" within the meaning of FACTA, as established by the United States Supreme Court. Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 68 (2007).*

> 39. With respect to point of sale machines that were first put into use after January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1).

> 40. With respect to point of sale machines that had been in use before January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1) on or after December 1, 2006.

> 41. In May 2007, the Federal Trade Commission issued a business alert informing businesses that "you may include no more than the last five digits of the [credit and debit] card number, and you must delete the [credit and debit] card's expiration date." FTC Business Alert, Slip Showing? Federal

Law Requires All Businesses to Truncate Credit Card Information in Receipts.

42. On June 3, 2008, President George W. Bush signed The Credit and Debit Card Receipt Clarification Act (Clarification Act), which amended the Fair and Accurate Credit Transactions Act (FACTA). The Clarification Act provides that "any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and the date of the enactment of this subsection but otherwise complied with the requirements of section 605(g) for such receipt shall not be in willful noncompliance with section 605(g) by reason of printing such expiration date on the receipt.".

43. Defendants accept Visa, MasterCard, Discover credit and debit cards and American Express credit cards in the course of transacting business with persons who make purchases at Defendants' retail locations.

44. Banks and credit card associations (i.e. Visa, MasterCard, American Express, Discover, etc.) have informed their merchants, _such as Defendants_, for years about FACTA and it's the truncation requirement.

45. VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed merchants, _such as Defendants_, about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers.

_46. Defendants, by the terms of the contracts they entered with Visa, MasterCard, American Express, and/or Discover, acknowledged their awareness of FACTA's truncation requirements and expressly agreed to be FACTA compliant._

47. Visa explicitly instructed merchants, *including Defendants*, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

48. For example, the August 12, 2006 edition of "Rules for Visa Merchants" (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all." These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline. *Defendants, on information and belief, received this and subsequent Rules from Visa.*

49. MasterCard has explicitly instructed merchants, *including Defendants*, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

50. American Express has explicitly instructed merchants, *including Defendants*, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

51. Discover has explicitly instructed merchants, *including Defendants*, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

*52. Defendants, on information and belief, received and understood such communications.*

53. A bulletin dated June 14, 2006 issued by AllianceData, another processor, informed its customers that under FACTA "no person that accepts credit cards or debt cards for the

transaction of business shall print more that the last 5 digits of the card number . . . upon any receipt provided to the cardholder at the point of sale transaction." It further stated that Visa required compliance by July 1, 2006 and MasterCard by April 1, 2005.

54. Upon information and belief, Defendants are members of various trade groups that informed their members about the truncation requirements. *Defendants, on information and belief, received and understood such communications.*

55. Governmental agencies have expended considerable resources to inform business, *such as Defendants*, about the importance of FACTA, why the law is in place and what business must do to be compliant or risk statutory penalties. For example, the Federal Trade Commission issued a business alert in May 2007 entitled "Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts," which stated: "According to the federal Fair and Accurate Credit Transactions Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten – or truncate – the account information. You may include no more than the last five digits of the card number, and you must delete the card's expiration date."

*56. At the time of the FACTA violations identified in this Complaint and before, Defendants knew of their obligations under FACTA and the importance of the truncation requirements.*

*57. Despite actual knowledge of FACTA's requirements, contractual requirements from credit card issuers that Defendants must be FACTA compliant, and notifications from credit card issuers and the federal government, Defendants continue to willfully disregard FACTA's requirements and continue to use cash registers or other machines or devices that*

*print receipts in violation the truncation requirement after 2006.*

*\*\*\*\*\**

*62. Notwithstanding all of the publicity and the Defendants' knowledge of the statute's requirements, they willfully failed to comply with FACTA thereby putting all of their customers' financial identities at risk and requiring the imposition of minimum statutory damages for each receipt issued in violation of the FACTA truncation requirement.*
(JA15-19)(emphasis added)

**The Decision Below**

In granting Defendants' motion to dismiss, the district court quoted allegations from paragraphs 38, 57 and 62 of the Complaint, but treated them as free-standing unsupported "conclusory assertions" entitled to no assumption of truth (JA30), rather than as "framework" legal conclusions which surround and are supported by the detailed factual allegations set forth in ¶¶ 39-56, which must be taken as true. See, e.g., *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

The district court apparently chose to disregard these allegations based on its determination that they failed to establish "that Defendants knew their conduct violated the truncation requirement or that Defendants consciously chose to violate FACTA." (JA31) In this respect, and in requiring subjective knowledge or a conscious choice to violate FACTA, without discussion of the details of *Safeco's*

requirements for reckless conduct, the district court expressly followed *Cruper-Weinmann v. Paris Baguette Am., Inc.,* 2014 WL 2990110 (S.D.N.Y., June 29, 2014). No other FCRA/FACTA decision is relied on or cited in the district court opinion.

Additional details of the district court opinion are specifically discussed in the summary and body of argument.

**Related Case**

On March 19, 2014, this Court ordered that this appeal and the pending appeal in *Cruper-Weinmann v. Paris Baguette Am., Inc.,* No. 14-3709 (Second Circuit), which first articulated the approach to *Safeco* adopted in the decision below, shall be heard "in tandem."

## SUMMARY OF ARGUMENT

The decision below rests ultimately on a fundamental misreading of *Safeco* as requiring "factual allegations supporting a plausible inference that Defendants *knew their conduct violated the truncation requirement* or that Defendants *consciously chose to violate FACTA*." (JA31) (emphasis added) We submit that nothing in *Safeco* requires such allegations. Indeed, the Supreme Court expressly held to the contrary – willful conduct within the meaning of 15 U.S.C. § 1681n does not "require[] subjective knowledge on the part of the offender." *Safeco,* 551 U.S. 47 at 69 & n.18. The Complaint alleges, in detail, how and when over many

years Defendants acquired actual knowledge of the truncations requirement, foreclosing any contrary contention and establishing that they ran a 100% "risk of violation" by doing exactly what the truncation requirement prohibits.

Given the absolute language of 15 U.S.C. § 1681c(g)(1) ("no person . . . shall print. . . more than the last five digits of the card number"), Plaintiffs' extensive allegations of Defendants' actual knowledge of the unambiguous requirements of FACTA are more than sufficient to state a plausible claim that such violation was committed not merely "recklessly," as defined by the Supreme Court in *Safeco*, but with such actual knowledge of the statutory requirements – evidenced by its own claimed "partial compliance" with them – as to establish a knowing violation. Aside from being at odds with the appropriate standard under Fed. R. Civ. P. 12(b)(6), which mandates that all plausible inferences be drawn in favor of plaintiff, the district court's reasoning in this regard is inconsistent with the Supreme Court's definition of "willfulness," as set forth in *Safeco*.

**ARGUMENT**

**I.     IN PROGRAMMING SYSTEMS THROUGHOUT THEIR NATIONWIDE RETAIL OPERATION TO ISSUE POINT OF SALE RECEIPTS PRINTING "MORE THAN THE LAST FIVE DIGITS" OF CUSTOMERS' CREDIT CARD NUMBERS, THE DEFENDANTS ACTED "WILLFULLY," OR "RECKLESSLY" UNDER *SAFECO*, IN THAT THE PROHIBITED ACT, "OBJECTIVELY ASSESSED," SHOWS "NOT ONLY A VIOLATION UNDER A REASONABLE READING OF THE STATUTE'S TERMS, BUT . . . THAT THE COMPANY RAN A RISK OF VIOLATING THE LAW SUBSTANTIALLY GREATER THAN THE RISK ASSOCIATED WITH A READING THAT WAS MERELY CARELESS," AND DOES NOT REQUIRE "SUBJECTIVE KNOWLEDGE ON THE PART OF THE OFFENDER."**

In concluding that Plaintiff failed to allege facts sufficient to show willfulness, the opinion below cites *Safeco* only once – for the proposition that willful violations of FACTA include "not only knowing violations of [the statute] but also reckless ones," (JA29, citing *Safeco*, 551 U.S. at 57.)   There is no further mention or discussion of *Safeco* or of the Supreme Court's meticulously articulated objective standard for "recklessness."   Instead, the decision below effectively puts forward the district court's own subjective standard for recklessness, by erroneously insisting on "factual allegations supporting a plausible inference that Defendants *knew their conduct violated the truncation requirement* or that Defendants *consciously chose to violate FACTA*." (JA31.) (Emphasis added)

This entirely subjective standard, substantively identical to that espoused in *Cruper-Weinmann v. Paris Baguette Am., Inc., supra* (the only FACTA/FCRA case other than *Safeco* cited below), runs directly counter to *Safeco*. First, it ignores the Supreme Court's clear admonition that recklessness is "objectively assessed" and does not "require[] subjective knowledge on the part of the offender." 551 U.S. 47 at 69 & n.18. Second, it bypasses the Supreme Court's specific tests for "recklessness," which the Complaint more than amply meets.

*Redman* v. *RadioShack Corp.,* 768 F.3d 622, 627 (7th Cir. 2014), is the most recent circuit court decision explaining the rationale and effect of the *Safeco* "willfulness/recklessness" standard under FACTA:

> To act "willfully" is, for purposes of civil law, to engage in conduct that creates "an unjustifiably high risk of harm that is either known or so obvious that it should be known," *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) – reckless conduct, in other words, as held in *Safeco Ins. Co. of America v. Burr*, [*supra*], but reckless conduct in the civil sense. . . . "*it is enough that the risk, besides being serious and eminently avoidable, is obvious; it need not be known to the defendant.*" (internal citation omitted)(emphasis added)

Other relevant circuit decisions uniformly read the *Safeco* standard as rejecting any consideration of the defendant's state of mind. E.g., *Van Straaten v. Shell Oil Products Co. LLC*, 678 F.3d 486, 491(7th Cir. 2012) ("the statutory standard concerns objective reasonableness, not anyone's state of mind." *see also id.* at 491 (Cudahy, J., concurring) ("[T]he appropriate and sole measure of

recklessness is objective reasonableness."); *Long v. Tommy Hilfiger U.S.A., Inc.*, 671 F.3d 371, 377 (3d Cir. 2012) ("[A]ctual knowledge or intent as to FACTA's requirements is immaterial to the objective reasonableness analysis."); *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009) (To prove a reckless violation, a consumer must establish that the action …. "is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." quoting *Safeco*, 551 U.S. at 69).

In short, Defendants' programming of their hardware and software systems to issue noncompliant point of sale receipts, despite years of actual knowledge and repeated public and private reminders of the statute's requirements, entailed a 100% "risk" of violation, with the potential for very substantial damage exposure, as the decision below notes. (JA29 fn. 1)  That risk, tantamount to a guarantee of noncompliance, "besides being serious and eminently avoidable, [was] obvious." *Redman v. RadioShack*, 768 F.3d at 627.  Under *Safeco*, Defendants' conduct in defiance of the statutory command was reckless, rendering it willful within the meaning of 15 U.S.C. § 1681n.  The district court's failure to correctly apply the substance of *Safeco's* teaching in this respect was error.

**II. FACTA'S UNAMBIGUOUS TRUNCATION REQUIREMENT IS SUSCEPTIBLE OF ONLY ONE REASONABLE CONSTRUCTION, UNDER WHICH DEFENDANTS' SYSTEMATIC VIOLATION OF IT WAS RECKLESS WHEN "OBJECTIVELY ASSESSED" UNDER *SAFECO*, PARTICULARLY WHERE DEFENDANTS HAD ACTUAL KNOWLEDGE OF THE TRUNCATION REQUIREMENT FOR YEARS PRIOR TO THE TRANSACTION AT ISSUE.**

Unlike the provision at issue in *Safeco*, the FACTA truncation requirement that Defendants violated is clear and unambiguous – to borrow the Supreme Court's own term, 551 U.S. at 69, it is utterly "pellucid."

> No person . . . shall print more than the last 5 digits of the card number . . . upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g). As a result, there is no "reasonable reading" of this language which could legitimize printing what the statute commands shall not be printed. *See, e.g., Buechler v. Keyco, Inc.*, No. WDQ–09–2948, 2010 WL 1664226 (D. Md. April 22, 2010) (the truncation requirement "is unambiguous."); *Ramirez v. Midwest Airlines, Inc.*, 537 F. Supp. 2d 1161, 1172 (D. Kan. 2008) ("[The statute] could not be more clear in requiring merchants to omit all but the last five digits of a card number as well as the expiration date."); *Arcilla v. Adidas Promotional Retail Operations, Inc.*, 488 F. Supp. 2d 965, 970 (C.D. Cal. 2007) ("[Section] 1681c(g) . . . [has] only one reasonable meaning . . . a retailer must print no more than 5 digits of a card number, and also must omit the expiration

date—doing either violates the statute."); *Troy v. Home Run Inn, Inc.*, No. 07 C 4331, 2008 WL 1766526, *3 (N.D. Ill. Apr. 14, 2008) ("[U]nlike the statutory provision at issue in *Safeco*, the text of section 1681c(g) is unambiguous."); *Follman v. Hospitality Plus of Carpentersville, Inc.*, 532 F. Supp. 2d 960 (N.D. Ill. 2007) ("The plain meaning of the statute is that no merchant may print more than the last five digits of the card number, nor may they print the expiration date of the card on the receipt."); *Kubas v. Standard Packing Corp.*, 594 F. Supp. 2d 1029, 1032 (N.D. Ill. 2009); *Korman v. Walking Co.*, 503 F. Supp. 2d 755 (E.D. Pa. 2007); *Ramirez v. MGM Mirage, Inc.*, 524 F. Supp. 2d 1226 (D. Nev. 2007).

The courts of appeals have confirmed that FACTA's unambiguous language categorically prohibits Defendants' conduct in this case. *See, e.g., Redman v. Radioshack,* 768 F.3d at 629 ("The first part of the statutory provision, dealing with the credit-card number, is explicit . . .") *Shlahtichman*, 615 F.3d at 795-96; *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 711 (9th Cir. 2010); *Stillmock v. Weis Markets, Inc.*, 385 Fed.Appx. 267, 268 (4th Cir. 2010); *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 592 (3d Cir. 2010). Thus, in contrast to the provisions at issue in *Safeco*, *Van Straaten v. Shell Oil*, *Long v. Tommy Hilfiger*, and *Hammer v. Sam's East*, FACTA's explicit prohibition on doing exactly what Defendants did makes it impossible for Defendants to shelter behind an

"objectively reasonable" alternate interpretation under which the statute would allow what it expressly forbids.

The district court did not hold that Defendants' conduct was in accordance with an erroneous but objectively reasonable interpretation of the statute and therefore merely negligent. Indeed, the district court's decision concedes, as it must, the Defendants' conduct – printing the exact digits which the statute commands shall not be printed – had no basis in the statutory text. (JA30)[2]

Moreover, Defendants' systematic publication of the first six digits of card numbers increases the possibility of identity theft. JA19. See also *Shlahtichman*, 615 F.3d at 802 (stating that a paper receipt "produced at the point of sale . . . may be dropped, mislaid, or discarded by the consumer in any manner of public places where it easily can be retrieved and put to nefarious use"); *Redman* v. *RadioShack Corp.,* 768 F.3d at 626 ("[S]hould the cardholder happen to lose the receipt of a

---

[2] *Compare e.g. Safeco*, 551 U.S. at 50 (holding Safeco's conduct was in accord with an interpretation that had foundation in the statutory text and thus was not objectively unreasonable); *Van Straaten v. Shell Oil Products Co. LLC*, 678 F.3d 486 (7th Cir. 2012) (it was not objectively unreasonable under *Safeco* to print the last four digits of "account number" as distinguished from the prohibited "card number" digits); *see also Shlahtichman v. 1–800 Contacts, Inc.*, 615 F.3d 794, 803–04 (7th Cir. 2010) (not objectively unreasonable under § 1681c(g) to print expiration date on e-mailed receipt as not issued at "point of sale"); *Simonoff v. Kaplan, Inc.*, No. 10 Civ. 2923(LMM), 2010 WL 4823597, *3 (S.D.N.Y. Nov. 29, 2010) (same); *Long v. Tommy Hilfiger U.S.A., Inc.*, 671 F.3d 371 (3d Cir. 2012) (not objectively unreasonable under § 1681c(g) to print receipt showing expiration month of credit card, but not expiration year); *Hammer v. Sam's East, Inc.*, No. 08–0788–CV–W–HFS, 2012 WL 5380928, *3 (W.D. Mo. Nov. 16, 2012) ("'subjective bad faith' was not to be considered, but only an 'objectively unreasonable' reading could justify an award for a willful violation"); *Kivo v Blumberg Exelsior, Inc.* 982 F. Supp. 2d 217, 220 (E.D.N.Y. Nov. 16, 2013), ("This Court need only determine whether the Defendant willfully violated Section 1681c(g) – i.e., whether the Defendant's reading of Section 1681c(g) is objectively reasonable").

transaction, the less information the receipt contains the less likely is an identity thief who happens to come upon the receipt to be able to figure out the cardholder's full account information and thus be able to make purchases that the seller will think were made by the legitimate cardholder"). Accordingly, Plaintiff has alleged facts showing not only that Defendants "ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless," *Safeco*, 551 U.S. at 69, but also that Defendants thereby increased the risk to Plaintiff and the members of the putative class of identity theft.

## III. THE DISTRICT COURT IMPROPERLY DREW AN INFERENCE IN FAVOR OF DEFENDANTS, TO THE EFFECT THAT "PARTIAL COMPLIANCE" NEGATES SUBJECTIVE "WILLFULLNESS," THUS DENYING PLAINTIFF THE BENEFIT OF THE NO LESS PLAUSIBLE INFERENCE THAT "PARTIAL COMPLIANCE" DEMONSTRATES SUFFICIENT KNOWLEDGE OF THE STATUTORY REQUIREMENTS TO ESTABLISH ACTUAL SUBJECTIVE WILLFULNESS.

As discussed above, the district court's opinion conflates the reckless and knowing requirements of pleading willfulness by arguing that Plaintiff was required to plead facts showing Defendants' subjective state of mind to state a claim under either standard. Plaintiff was not required to plead that Defendants knew it was violating the statute to plead Defendants' reckless violation. And even if Plaintiff was required to do so to plead a knowing violation (or a reckless

violation under Defendants' incorrect analysis), Plaintiff's allegations also meet this standard.

The district court was required to "accept as true the factual allegations of the complaint, and construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff." E.g., *Anderson News, L.L.C. v. Am. Media, Inc.,* 680 F.3d 162, 185 (2d Cir. 2012) (citations omitted)   Yet, the opinion below utilizes a strained inference in Defendants' favor to negate subjective "willfulness," finding that "Plaintiff's claim is rendered further implausible by the complaint's failure to reconcile Defendants' partial compliance – redacting credit card expiration dates and all digits unique to the cardholder – with its alleged willful non-compliance."   (JA30)   In so doing, the district court improperly overlooked a no less plausible  inference in favor of plaintiff  – that Defendants' compliance with other FACTA requirements is evidence of actual knowledge that printing the first six digits of Plaintiff's card number was a violation of the statute, thus plausibly establishing, not merely recklessness, but subjective willfulness.

"Because plausibility is a standard lower than probability, a given set of actions may well be subject to diverging interpretations, each of which is plausible." *Anderson News*, 680 F.3d at 184. On a Rule 12(b)(6) motion, a district court may not choose between two plausible inferences that may both be drawn

from the factual allegations, even if a court finds one of the two versions more plausible. *Id*. at 185. In relying exclusively on an inference for defendant, while completely overlooking the required inference for plaintiff, the district court's approach, we submit, was fundamentally in error.

Moreover, Plaintiff's Complaint contains numerous allegations that plausibly suggest that Defendants knew about FACTA's requirements and knowingly violated them anyway. In particular, Plaintiff alleges that FACTA's requirements have been widely publicized for years and that Defendants received those publications in the form of communications by the FTC, communications and contractual obligations from MasterCard, Visa, American Express and Discover, among others. JA15-19. Based on Defendants' receipt of FACTA's requirements from multiple sources for several years, Plaintiff alleges, and plausibly so, that Defendants knew about FACTA's requirements. JA18.

These facts thus plausibly suggest that not only did Defendants know about FACTA's requirements, as the district court found (JA30), but virtually compel the further inference that Defendants knew that they were not in compliance when they systematically provided receipts to Plaintiff and members of the class containing the first six digits of card numbers.

Accordingly, Plaintiff has stated a claim that Defendants willfully violated FACTA – arguably even under the district court's erroneous standard for

subjective willfulness. *See, e.g., Katz v ABP Corp., No. 12-cv-4173,* 2013 WL 2444605 *(E.D.N.Y. June 4, 2013); Sanders v. W & W Wholesale Inc.*, No. 11 C 3557, 2011 WL 4840978, *2 (N.D. Ill. Oct. 12, 2011); *Buechler*, 2010 WL 1664226; *Kubas*, 594 F.Supp.2d 1029; *In re TJX Companies, Inc.*, 2008 WL 2020375, *2 (D. Kan. 2008); *Troy*, 2008 WL 1766526 (all denying motions to dismiss based on similar factual allegations).

## CONCLUSION

For the foregoing reasons, the judgment below should be reversed, with costs of appeal awarded to Plaintiff, and this matter remanded for further proceedings.

Dated: March 24, 2015

Respectfully submitted,


_____/s/ Shimshon Wexler_____
Shimshon Wexler
The Law Offices of Shimshon Wexler
*Attorney for Plaintiff-Appellant*
1411 Dalewood Drive, NE
Atlanta, GA 30329
(212) 760-2400

The undersigned hereby certifies that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and (C) because the brief contains 5,063 words of text.

The brief complies with the typeface requirements of Fed. R. App. P.32(a)(5) and the type style requirements of Fed.R.App.P.32(a)(6) because this brief was prepared in a proportionally spaced typeface using Microsoft Word 2003, Times New Roman, Size 14.

Dated: March 24, 2015

_____
Shimshon Wexler

# JOINT APPENDIX

# TABLE OF CONTENTS

*Pages*

Docket Sheet ............................................................................ JA1-JA9

Plaintiff's First Amended Complaint Class Action Jury
Trial Demanded, dated May 6, 2014 .................................................. JA10-JA20

Defendants' Notice of Motion to Dismiss the First
Amended Complaint, dated July 28, 2014......................................... JA21-JA22

Declaration of Charles S. Sims, in Support of
Defendants' Motion to Dismiss the First Amended
Complaint, dated July 28, 2014 .......................................................... JA23-JA24

    Exhibit B to Declaration of Charles S. Sims –
    Receipt, dated February 2, 2014.............................................. JA25-JA27

Opinion and Order Appealed From the Hon. Paul A.
Crotty, dated January 29, 2015 .......................................................... JA28-JA32

Judgment signed by Clerk of the Court Ruby J.
Krajick, dated January 30, 2015 .................................................... JA33

Notice of Appeal, dated February 18, 2015........................................ JA34-JA35

i

# JA1

CLOSED,APPEAL,COMPLEX-CSMGMT,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:14-cv-00740-PAC

Katz v. The Donna Karan Company, L.L.C. et al
Assigned to: Judge Paul A. Crotty
Cause: 28:1331ng Fed. Question: Natural Gas Act

Date Filed: 02/04/2014
Date Terminated: 01/30/2015
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Yehuda Katz**                    represented by **Daniel Vladimir Gsovski**
Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY 10004
212-472-8512
Fax: 212-344-3333
Email: dgsovski@herzfeld-rubin.com
*ATTORNEY TO BE NOTICED*

**Howard Lowell Wexler**
Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY 10004
(212) 471-8480
Fax: (212)-344-3333
Email: hwexler@herzfeld-rubin.com
*ATTORNEY TO BE NOTICED*

**Shimshon Wexler**
The Law Offices of Shimshon Wexler,
PC
216 West 104th Street #129
New York, NY 10025
(212)-760-2400
Fax: (917)-512-6132
Email: shimshonwexler@yahoo.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The Donna Karan Company, L.L.C.**    represented by **Charles S. Sims**
Proskauer Rose LLP (NY)
11 Times Square
New York, NY 10036

212.969.3000
Fax: 212.969.2900
Email: csims@proskauer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregg M Mashberg**
Proskauer Rose LLP (NY)
11 Times Square
New York, NY 10036
(212) 969-3000
Fax: (212) 969-2900
Email: gmashberg@proskauer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Alexander Munkittrick**
Proskauer Rose LLP (NY)
11 Times Square
New York, NY 10036
(212)-969-3226
Fax: (212)-969-2900
Email: dmunkittrick@proskauer.com
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**The Donna Karan Company Store,
L.L.C.**

represented by **Charles S. Sims**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregg M Mashberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Alexander Munkittrick**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Donna Karan International, Inc.**

represented by **Charles S. Sims**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregg M Mashberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Alexander Munkittrick**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | clear | Docket Text |
|---|---|---|---|
| 02/04/2014 | 1 | ☐ 1.06MB | COMPLAINT against Donna Karan International, Inc., The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C.. (Filing Fee $ 350.00.)Document filed by Yehuda Katz.(laq) (laq). (Entered: 02/09/2014) |
| 02/04/2014 | | | SUMMONS ISSUED as to Donna Karan International, Inc., The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C.. (laq) (Entered: 02/09/2014) |
| 02/04/2014 | | | Magistrate Judge Sarah Netburn is so designated. (laq) (Entered: 02/09/2014) |
| 02/04/2014 | | | Case Designated ECF. (laq) (Entered: 02/09/2014) |
| 02/04/2014 | 2 | ☐ 238.41KB | CIVIL COVER SHEET filed. (laq) (laq). (Entered: 02/09/2014) |
| 02/04/2014 | 3 | ☐ 171.79KB | STANDING ORDER IN RE PILOT PROJECT REGARDING CASE MANAGEMENT TECHNIQUES FOR COMPLEX CIVIL CASES IN THE SOUTHERN DISTRICT OF NEW YORK (See M-10-468 Order filed November 1, 2011). This case is hereby designated for inclusion in the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York (the Pilot Project), unless the judge to whom this case is assigned determines otherwise. This case is designated for inclusion in the Pilot Project because it is a class action, an MDL action, or is in one of the following Nature of Suit categories: 160, 245, 315, 355, 365, 385, 410, 830, 840, 850, 893, or 950. The presiding judge in a case that does not otherwise qualify for inclusion in the Pilot Project may nevertheless designate the case for inclusion in the Pilot Project by issuing an order directing that the case be included in the Pilot Project. The description of the Pilot Project, including procedures to be followed, is attached to this Order. (Signed by Judge Loretta A. Preska on 10/31/2011) (laq) (Entered: 02/09/2014) |
| 02/04/2014 | | | ***NOTICE TO ATTORNEY TO SUBMIT PDF OF CIVIL COVER SHEET. Notice to Attorney Shimshon Wexler, to submit PDF of the Civil Cover Sheet. Email a copy of Civil Cover Sheet to: caseopenings@nysd.uscourts.gov.** (laq) (Entered: 02/09/2014) |
| 02/09/2014 | | | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Shimshon Wexler for noncompliance with Section 14.3 of the S.D.N.Y. Electronic Case Filing Rules & Instructions. E-MAIL the PDF for Document 1 Complaint to: caseopenings@nysd.uscourts.gov.** (laq) (Entered: 02/09/2014) |
| 03/03/2014 | 4 | | AFFIDAVIT OF SERVICE of Summons and Complaint. The Donna Karan Company, L.L.C. served on 2/19/2014, answer due 3/12/2014. |

| | | | |
|---|---|---|---|
| | ☐<br>94.44KB | | Service was accepted by Chad Matice, Authorized Agent in the Office of the Secretary of State. Document filed by Yehuda Katz. (Wexler, Shimshon) (Entered: 03/03/2014) |
| 03/04/2014 | 5 | ☐<br>95.00KB | AFFIDAVIT OF SERVICE of Summons and Complaint. Donna Karan International, Inc. served on 2/19/2014, answer due 3/12/2014. Service was accepted by Chad Matice, Authorized Agent in the Office of the Secretary of State. Document filed by Yehuda Katz. (Wexler, Shimshon) (Entered: 03/04/2014) |
| 03/06/2014 | 6 | ☐<br>38.84KB | LETTER MOTION for Extension of Time to File Answer re: 1 Complaint, Summons Issued addressed to Judge Paul A. Crotty from Gregg M. Mashberg dated 3/6/14. Document filed by Donna Karan International, Inc., The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C..(Mashberg, Gregg) (Entered: 03/06/2014) |
| 03/07/2014 | 7 | | ORDER granting 6 Letter Motion for Extension of Time to Answer. Answer now due by: April 11, 2014. (HEREBY ORDERED by Judge Paul A. Crotty)(Text Only Order) (Crotty, Paul) (Entered: 03/07/2014) |
| 03/13/2014 | 8 | ☐<br>94.42KB | AFFIDAVIT OF SERVICE of Summons and Complaint. The Donna Karan Company Store, L.L.C. served on 2/19/2014, answer due 4/11/2014. Service was accepted by Chad Matice, Authorized Agent in the Office of the Secretary of State. Document filed by Yehuda Katz. (Wexler, Shimshon) (Entered: 03/13/2014) |
| 03/28/2014 | 9 | ☐<br>29.14KB | NOTICE OF APPEARANCE by Charles S. Sims on behalf of Donna Karan International, Inc., The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C.. (Sims, Charles) (Entered: 03/28/2014) |
| 03/28/2014 | 10 | ☐<br>54.79KB | LETTER MOTION for Conference *Requesting Pre-Motion Conference* addressed to Judge Paul A. Crotty from Charles S. Sims, Esq. dated 3/28/2014. Document filed by Donna Karan International, Inc., The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C..(Sims, Charles) (Entered: 03/28/2014) |
| 03/28/2014 | 11 | ☐<br>25.45KB | NOTICE OF APPEARANCE by Gregg M Mashberg on behalf of Donna Karan International, Inc., The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C.. (Mashberg, Gregg) (Entered: 03/28/2014) |
| 03/31/2014 | 12 | ☐<br>139.79KB | LETTER MOTION for Conference re: 10 LETTER MOTION for Conference *Requesting Pre-Motion Conference* addressed to Judge Paul A. Crotty from Charles S. Sims, Esq. dated 3/28/2014. *Request to Amend the Complaint* addressed to Judge Paul A. Crotty from Shimshon Wexler dated March 31st, 2014. Document filed by Yehuda Katz.(Wexler, Shimshon) (Entered: 03/31/2014) |
| 04/01/2014 | | | NOTICE of Conference: Pre-Motion Conference scheduled to go forward on: Wednesday, April 9, 2014 @ 03:30 PM in Courtroom 11D, 500 Pearl Street, New York, NY 10007 before Judge Paul A. Crotty, U.S.D.J. Requests for adjournment of the conference will be considered if made in writing and in accordance with Judge Crotty's Individual Practices. A PDF IS NOT ATTACHED TO THIS ENTRY (By: Marlon Ovalles - Courtroom |

| | | | |
|---|---|---|---|
| | | | Deputy). (mov) (Entered: 04/01/2014) |
| 04/08/2014 | | | Calendar Entry: In light of Defendant's agreement to allow the Plaintiff to file an Amended Complaint, the Pre-Motion Conference scheduled to go forward on Wednesday, April 9, 2014 is marked off the calendar. There is no need to appear. A PDF IS NOT ATTACHED TO THIS ENTRY (By: Marlon Ovalles, Courtroom Deputy). (mov) (Entered: 04/08/2014) |
| 04/08/2014 | 13 | ☐ 14.53KB | NOTICE OF APPEARANCE by Howard Lowell Wexler on behalf of Yehuda Katz. (Wexler, Howard) (Entered: 04/08/2014) |
| 04/09/2014 | 14 | ☐ 89.38KB | NOTICE OF APPEARANCE by Daniel Vladimir Gsovski on behalf of Yehuda Katz. (Gsovski, Daniel) (Entered: 04/09/2014) |
| 04/14/2014 | 15 | ☐ 208.35KB | LETTER MOTION for Extension of Time to Amend addressed to Judge Paul A. Crotty from Daniel Vladimir Gsovski dated april 14, 2014. Document filed by Yehuda Katz.(Gsovski, Daniel) (Entered: 04/14/2014) |
| 04/14/2014 | 16 | | ORDER granting 15 Letter Motion for Extension of Time to Amend. Amended Complaint due by May 6, 2014. Response to Amended Complaint on or before May 30, 2014 (HEREBY ORDERED by Judge Paul A. Crotty)(Text Only Order) (Crotty, Paul) (Entered: 04/14/2014) |
| 05/06/2014 | 17 | ☐ 160.03KB | **FILING ERROR - DEFICIENT PLEADING - FILED AGAINST PARTY ERROR** AMENDED COMPLAINT amending 1 Complaint against Yehuda Katz with JURY DEMAND.Document filed by Yehuda Katz. Related document: 1 Complaint filed by Yehuda Katz.(Gsovski, Daniel) Modified on 5/7/2014 (lcu). (Entered: 05/06/2014) |
| 05/07/2014 | | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT AMENDED COMPLAINT. Notice to Attorney Daniel Gsovski RE: Document No. 17 Amended Complaint,. The filing is deficient for the following reason(s): the wrong party was selected for FILED AGAINST Re-file the document and select the correct party you are filing against. (lcu) (Entered: 05/07/2014)** |
| 05/07/2014 | 18 | ☐ 167.86KB | **FILING ERROR - DEFICIENT PLEADING - FRCP RULE 15 NON-COMPLIANCE - FILED AGAINST PARTY ERROR - AMENDED** COMPLAINT amending 17 Amended Complaint, 1 Complaint against All Defendants with JURY DEMAND.Document filed by Yehuda Katz. Related document: 17 Amended Complaint, filed by Yehuda Katz, 1 Complaint filed by Yehuda Katz.(Wexler, Shimshon) Modified on 5/8/2014 (mqu). (Entered: 05/07/2014) |
| 05/08/2014 | | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT AMENDED COMPLAINT. Notice to Attorney Daniel Vladimir Gsovski RE: Document No. 18 Amended Complaint,. The filing is deficient for the following reason(s): Filing Does Not Comply with FRCP Rule 15the wrong party was selected for FILED AGAINST File the Exhibit to Pleading event found under the event category Other Documents and attach either opposing party's written consent or Court's leave.Re-file the document and select the correct party you are filing against. Select each defendant you are filing against. (mqu) (Entered: 05/08/2014)** |

| 05/12/2014 | 19 | | **FILING ERROR - DEFICIENT PLEADING - FRCP RULE 15 NON-COMPLIANCE - AMENDED COMPLAINT** amending 1 Complaint, 18 Amended Complaint, against Donna Karan International, Inc., The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C. with JURY DEMAND.Document filed by Yehuda Katz. Related document: 1 Complaint filed by Yehuda Katz, 18 Amended Complaint, filed by Yehuda Katz. (Attachments: # 1 Exhibit Opposing Party's Written Consent) (Wexler, Shimshon) Modified on 5/13/2014 (jom). (Entered: 05/12/2014) |
| | | ☐ 375.53KB | |
| 05/12/2014 | | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT AMENDED COMPLAINT. Notice to Attorney Shimshon Wexler RE: Document No. 19 Amended Complaint,,. The filing is deficient for the following reason(s): Filing Does Not Comply with FRCP Rule 15 (a)(1) (A)(B)(2). File the Exhibit to Pleading event found under the event category Other Documents and attach either opposing party's written consent or Court's leave. Leave has expired on May 6, 2014. (jom) (Entered: 05/13/2014)** |
| 05/13/2014 | 20 | ☐ 167.86KB | AMENDED COMPLAINT amending 1 Complaint, 19 Amended Complaint,, against Donna Karan International, Inc., The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C. with JURY DEMAND.Document filed by Yehuda Katz. Related document: 1 Complaint filed by Yehuda Katz, 19 Amended Complaint,, filed by Yehuda Katz.(Wexler, Shimshon) (Entered: 05/13/2014) |
| 05/13/2014 | 21 | ☐ 207.68KB | EXHIBIT TO PLEADING re: 20 Amended Complaint,. Document filed by Yehuda Katz.(Wexler, Shimshon) (Entered: 05/13/2014) |
| 05/27/2014 | 22 | ☐ 0.53MB | LETTER MOTION for Conference *requesting a Pre-Motion Conference* addressed to Judge Paul A. Crotty from Charles S. Sims dated 5/27/2014. Document filed by Donna Karan International, Inc., The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C..(Sims, Charles) (Entered: 05/27/2014) |
| 05/28/2014 | 23 | ☐ 281.83KB | LETTER MOTION for Extension of Time to File Response/Reply as to 22 LETTER MOTION for Conference *requesting a Pre-Motion Conference* addressed to Judge Paul A. Crotty from Charles S. Sims dated 5/27/2014. addressed to Judge Paul A. Crotty from Daniel V. Gsovski dated May 27, 2014. Document filed by Yehuda Katz.(Wexler, Shimshon) (Entered: 05/28/2014) |
| 05/29/2014 | 24 | | ORDER granting 23 Letter Motion for Extension of Time to File Response (6/2/14) re 22 LETTER MOTION for Conference requesting a Pre-Motion Conference. Responses due by 6/2/2014 (HEREBY ORDERED by Judge Paul A. Crotty)(Text Only Order) (Crotty, Paul) (Entered: 05/29/2014) |
| 06/02/2014 | 25 | ☐ 351.97KB | LETTER RESPONSE to Motion addressed to Judge Paul A. Crotty from Daniel V. Gsovski dated June 2, 2014 re: 22 LETTER MOTION for Conference *requesting a Pre-Motion Conference* addressed to Judge Paul A. Crotty from Charles S. Sims dated 5/27/2014. . Document filed by Yehuda Katz. (Wexler, Shimshon) (Entered: 06/02/2014) |
| 06/03/2014 | 26 | | ORDER denying 22 Letter Motion for Conference. There is no need for a |

|  |  |  |  |
|---|---|---|---|
|  |  |  | pre-motion conference. The parties should meet and confer to agree upon a schedule for defendants' motion, plaintiff's response, and defendants' reply. The schedule should be submitted within 10 days. (HEREBY ORDERED by Judge Paul A. Crotty)(Text Only Order) (Crotty, Paul) (Entered: 06/03/2014) |
| 06/09/2014 | 27 | 108.11KB | LETTER addressed to Judge Paul A. Crotty from Charles S. Sims dated June 9, 2014 re: Schedule Agreed to by the Parties Pursuant to Your Honor's Order of June 3, 2014.. Document filed by Donna Karan International, Inc., The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C..(Sims, Charles) (Entered: 06/09/2014) |
| 06/09/2014 | 28 | 492.17KB | NOTICE OF APPEARANCE by David Alexander Munkittrick on behalf of Donna Karan International, Inc., The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C.. (Munkittrick, David) (Entered: 06/09/2014) |
| 06/09/2014 | 29 | 463.60KB | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent LVMH Moet Hennessy-Louis Vuitton SA, Corporate Parent Donna Karan International Inc. for The Donna Karan Company Store, L.L.C.; Corporate Parent LVMH Moet Hennessy-Louis Vuitton SA for Donna Karan International, Inc.; Corporate Parent LVMH Moet Hennesy-Louis Vuitton SA for The Donna Karan Company, L.L.C.. Document filed by Donna Karan International, Inc., The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C..(Sims, Charles) (Entered: 06/09/2014) |
| 06/10/2014 | 30 | 94.51KB | MEMO ENDORSEMENT on re: 27 Letter, filed by The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C., Donna Karan International, Inc. ENDORSEMENT: SO ORDERED. Donna Karan International, Inc. answer due 7/28/2014; The Donna Karan Company Store, L.L.C. answer due 7/28/2014; The Donna Karan Company, L.L.C. answer due 7/28/2014. (Motions due by 7/28/2014, Responses due by 8/26/2014, Replies due by 9/17/2014.) (Signed by Judge Paul A. Crotty on 6/10/2014) (tn) (Entered: 06/10/2014) |
| 07/28/2014 | 31 | 459.18KB | MOTION to Dismiss . Document filed by Donna Karan International, Inc., The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C.. Responses due by 8/26/2014(Sims, Charles) (Entered: 07/28/2014) |
| 07/28/2014 | 32 | 0.59MB | MEMORANDUM OF LAW in Support re: 31 MOTION to Dismiss . . Document filed by Donna Karan International, Inc., The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C.. (Sims, Charles) (Entered: 07/28/2014) |
| 07/28/2014 | 33 | 2.50MB | DECLARATION of Charles S. Sims in Support re: 31 MOTION to Dismiss .. Document filed by Donna Karan International, Inc., The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Sims, Charles) (Entered: 07/28/2014) |
| 08/26/2014 | 34 | 267.99KB | MEMORANDUM OF LAW in Opposition re: 31 MOTION to Dismiss . . Document filed by Yehuda Katz. (Wexler, Shimshon) (Entered: |

# JA8

| | | | |
|---|---|---|---|
| | | | 08/26/2014) |
| 08/27/2014 | 35 | ☐ 18.37KB | LETTER addressed to Judge Paul A. Crotty from Howard L. Wexler, Esq. dated August 27, 2014 re: Removing attorney Charles Crum from the electronic file as he is no longer with the firm.. Document filed by Yehuda Katz.(Wexler, Howard) (Entered: 08/27/2014) |
| 08/28/2014 | 36 | ☐ 72.81KB | MEMO ENDORSEMENT on re: 35 Letter filed by Yehuda Katz. ENDORSEMENT: The Clerk of Court is directed to terminate Mr. Crum from this case. (Signed by Judge Paul A. Crotty on 8/28/2014) (tn) (Entered: 08/28/2014) |
| 09/17/2014 | 37 | ☐ 0.51MB | REPLY MEMORANDUM OF LAW in Support re: 31 MOTION to Dismiss . *Defendants' Reply in Support of Their Motion to Dismiss*. Document filed by Donna Karan International, Inc., The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C.. (Sims, Charles) (Entered: 09/17/2014) |
| 10/07/2014 | 38 | ☐ 467.70KB | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - RESPONSE** in Opposition to Motion re: 31 MOTION to Dismiss . *Letter from DVGsovski to Court*. Document filed by Yehuda Katz. (Attachments: # 1 Exhibit supplemental authority)(Gsovski, Daniel) Modified on 10/8/2014 (db). (Entered: 10/07/2014) |
| 10/07/2014 | 39 | ☐ 510.51KB | LETTER addressed to Judge Paul A. Crotty from Charles S. Sims dated October 7, 2014 re: Response to plaintiff's 10-7-14 Letter [Dkt 38]. Document filed by Donna Karan International, Inc., The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C..(Sims, Charles) (Entered: 10/07/2014) |
| 10/08/2014 | | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Note to Attorney Daniel Vladimir Gsovski to RE-FILE Document 38 Response in Opposition to Motion. Use the event type Letter found under the event list Other Documents. (db)** (Entered: 10/08/2014) |
| 10/08/2014 | 40 | ☐ 467.70KB | LETTER addressed to Judge Paul A. Crotty from Daniel V. Gsovski dated October 7, 2014 re: Supplemental Authority. Document filed by Yehuda Katz. (Attachments: # 1 Exhibit Opinion, Redman v. Radioshack)(Gsovski, Daniel) (Entered: 10/08/2014) |
| 10/24/2014 | 41 | ☐ 196.64KB | LETTER addressed to Judge Paul A. Crotty from Daniel V. Gsovski dated October 24, 2014 re: Appellate Status of Crupar-Weinmann v. Paris Baguette. Document filed by Yehuda Katz.(Gsovski, Daniel) (Entered: 10/24/2014) |
| 11/19/2014 | 42 | ☐ 333.17KB | LETTER addressed to Judge Paul A. Crotty from Daniel V. Gsovski dated November 19, 2014 re: Supplemental Authority. Document filed by Yehuda Katz. (Attachments: # 1 Exhibit Fullwood v. Wolfgang's Steakhouse)(Gsovski, Daniel) (Entered: 11/19/2014) |
| 01/30/2015 | 43 | ☐ | OPINION & ORDER #105217 re: 31 MOTION to Dismiss . filed by The Donna Karan Company Store, L.L.C., The Donna Karan Company, L.L.C., Donna Karan International, Inc. For the foregoing reasons, the Defendants' |

# JA9

| | | | |
|---|---|---|---|
| | | 0.87MB | motion to dismiss is GRANTED. Plaintiff's claims are dismissed with prejudice and the Clerk of the Court is directed to enter judgment and close the case. (Signed by Judge Paul A. Crotty on 1/29/2015) (lmb) Modified on 2/10/2015 (ca). (Entered: 01/30/2015) |
| 01/30/2015 | | | Transmission to Judgments and Orders Clerk. Transmitted re: 43 Memorandum & Opinion, to the Judgments and Orders Clerk. (lmb) (Entered: 01/30/2015) |
| 01/30/2015 | 44 | ☐ 492.78KB | CLERK'S JUDGMENT: It is, ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion & Order dated January 29, 2015, Defendants' motion to dismiss is granted and Plaintiff's claims are dismissed with prejudice; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 01/30/2015) (Attachments: # 1 Right to Appeal, # 2 Right to Appeal)(km) (Entered: 02/02/2015) |
| 02/18/2015 | 45 | ☐ 110.51KB | NOTICE OF APPEAL from 44 Clerk's Judgment, 43 Memorandum & Opinion,. Document filed by Yehuda Katz. Filing fee $ 505.00, receipt number 0208-10608119. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Wexler, Shimshon) (Entered: 02/18/2015) |
| 02/18/2015 | | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 45 Notice of Appeal,. (nd) (Entered: 02/18/2015) |
| 02/18/2015 | | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 45 Notice of Appeal, filed by Yehuda Katz were transmitted to the U.S. Court of Appeals. (nd) (Entered: 02/18/2015) |

[ View Selected ]          Total filesize of selected documents (MB):
or                        Maximum filesize allowed (MB): 10
[ Download Selected ]

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/11/2015 12:31:24 | | | |
| PACER Login: | db0009:2532508:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:14-cv-00740-PAC |
| Billable Pages: | 7 | Cost: | 0.70 |

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| YEHUDA KATZ, | ) | |
| Individually and on behalf of a class, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV:1:14-00740-PAC |
| | ) | |
| v. | ) | **FIRST AMENDED COMPLAINT** |
| | ) | **CLASS ACTION** |
| THE DONNA KARAN COMPANY, LLC; | ) | **JURY TRIAL DEMANDED** |
| THE DONNA KARAN COMPANY STORE, LLC; | ) | |
| DONNA KARAN INTERNATIONAL, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

1.      Plaintiff Yehuda Katz ("Plaintiff"), individually and on behalf of a class defined

herein, brings this action against The Donna Karan Company, LLC, The Donna Karan Company

Store, LLC and Donna Karan International, Inc.("Defendants") to secure statutory damages for

willful, i.e. reckless, violations of the Fair and Accurate Credit Transactions Act ("FACTA")

amendment to the Fair Credit Reporting Act ("FCRA").

2.      The operative provision of FACTA, codified at 15 U.S.C. §1681c(g), provides

that:

> No person that accepts credit cards or debit cards for the transaction of
> business shall print more than the last 5 digits of the card number or the
> expiration date upon any receipt provided to the cardholder at the point of
> sale or transaction.

3.      The purpose of this "truncation requirement" is to thwart identity theft.  The

Federal Trade Commission estimates that over 9 million persons each year have their identity

assumed by criminals for financial gain, causing losses in excess of $50 billion.

4.      Full compliance with its truncation requirement was required no later than December 4, 2006.

5.      On June 3, 2008, Congress retroactively removed liability for willful expiration date violations through that date. This amendment was widely publicized and sponsored by the Chamber of Commerce and other retailer organizations.

6.      Despite years of publication, notice and compliance by other merchants, Defendants have willfully and recklessly failed to comply with the truncation requirement.  The length and scope of these violations cannot be determined without discovery, but based on the timing and location of the violation with respect to Plaintiff Yehuda Katz ("Plaintiff") the scope of such violations and the number of victims such as Plaintiff plainly meets the numerosity requirements of Federal Rule of Civil Procedure 23(a).

7.      Plaintiff brings this action against Defendants based on their willful and reckless violations of 15 U.S.C. §§ 1681 *et seq.* and seeks statutory damages, attorneys' fees, costs, punitive damages  and such other relief as the Court deems proper.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p ("FCRA").

9.      Venue is proper because Defendants conduct business within this jurisdiction, Defendants' headquarters are in this jurisdiction and the transaction giving rise to this lawsuit occurred within this jurisdiction.

## PARTIES

10.     Plaintiff, Yehuda Katz, is a resident of New York.

11.    Defendant The Donna Karan Company, LLC is a New York limited liability company with an address for service of process at 240 West 40th St., New York, NY 10018.

12.    Defendant The Donna Karan Company Store, LLC is a New York limited liability company with an address for service of process at 240 West 40th St., New York, NY 10018.

13.    Defendant Donna Karan International, Inc. is a Delaware corporation with an address for service of process of 550 Seventh Avenue, New York, NY 10018

14.    Defendants are each a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

## CLASS ALLEGATIONS

15.    Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

16.    The proposed class is defined as:

all persons in the United States who used either a debit or credit card at any of Defendants' locations and was provided an electronically printed receipt at the point of sale or transaction by any Defendant showing more than the last five digits of that person's credit or debit card number for a time period beginning February 4, 2009 until the date of the class is certified.

17.    The class is so numerous that joinder of all individual members in one action would be impracticable.

18.    There are, on information and belief, hundreds if not thousands of persons who meet the class definition, all of whom can be individually identified through the use of their credit card data, or through other customer databases, such as catalog mailing lists, kept and maintained by defendants.

19.    Plaintiff's claims are typical of the claims of the class members.  All are based on the same legal theories and arise from the same conduct. There are common questions of fact and

law affecting members of the class, which common questions predominate over questions which may affect individual members.  These include the following:

20.     Whether Defendants provided customers with a sales or transaction receipts which failed to comply with the truncation requirement;

21.     Whether Defendants' conduct was sufficiently reckless to qualify as "willful" under FACTA.

22.     Plaintiff will fairly and adequately represent the class members.

23.     Plaintiff has no interests that conflict with the interests of the class members.

24.     Plaintiff has retained counsel experienced in consumer class action matters.

25.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members.

## CLAIM FOR RELIEF

26.     Plaintiff repeats all previous allegations with the same force and effect as if fully stated herein.

27.     In transacting their business, Defendants use numerous cash registers and/or other machines or devices that electronically print receipts for credit card and debit card transactions.

28.     Plaintiff is the holder of a "VISA" bank issued credit and/or debit card as defined under 15 U.S.C. § 1681a.

29.     On February 2, 2014, Plaintiff presented his credit card to make a purchase at Defendants' store located at 420 West Broadway, New York, New York.

30.     At the completion of his purchase, Plaintiff was given a customer copy of a computer-generated cash register receipt that published the first six digits of Plaintiff's credit

card number. (hereinafter the "Katz receipt").   The Katz receipt also published the last four

digits of Plaintiff's credit card number.

31.     On information and belief, the computer which generated the Katz receipt was

programmed through hardware or software design and setup to print the six first digits of credit

card numbers on each and every credit card receipt that device generated.

32.     The machine which generated the Katz receipt was located at an extremely busy

store in the Soho area, a tourist attraction in New York City which draws extraordinarily high

retail traffic including shoppers who come from around the United States.

33.     The store which issued the Katz receipt is listed on the internet as open Monday

through Saturday from 10AM to 8PM and on Sunday from 11 AM to 7PM.  At a rate of only one

credit card transaction every 5 minutes (12 per hour), the single checkout station which issued

the Katz receipt was, at that time, generating an average of 816 receipts in violation of FACTA

every week.

34.     On information and belief, the checkout station at 420 West Broadway which

generated the Katz receipt is one of several such stations in the store.

35.     Defendants directly operate three additional "DKNY" retail stores in New York

City, at prime high traffic locations, and at least one location selling "Donna Karan" branded

items from Defendants' top of the line and couture brand.

36.     Insofar as additional machines may have been programmed to operate in violation

of FACTA, the number of transactions generating illegal receipts under FACTA can total into

the ten or hundreds of thousands per year in New York City alone,

37.     Defendants maintain other retail operations, including "company stores" at outlet

malls, at various throughout the United States.

38.     In allowing point of sale receipts for in-store transactions, such as the Katz receipt, to include digits other than the last five digits of customers' credit card numbers, Defendants acted in reckless disregard of the applicable legal standard, as to which they have been on repeated actual notice for many years.  This was "not only a violation under a reasonable reading of the statute's terms, but . . .  the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless," and was thus  "willful" within the meaning of FACTA, as established by the United States Supreme Court.  *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 68 (2007).

39.     With respect to point of sale machines that were first put into use after January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1).

40.     With respect to point of sale machines that had been in use before January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1) on or after December 1, 2006.

41.     In May 2007, the Federal Trade Commission issued a business alert informing businesses that "you may include no more than the last five digits of the [credit and debit] card number, and you must delete the [credit and debit] card's expiration date."  FTC Business Alert, Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information in Receipts.

42.     On June 3, 2008, President George W. Bush signed The Credit and Debit Card Receipt Clarification Act (Clarification Act), which amended the Fair and Accurate Credit Transactions Act (FACTA).  The Clarification Act provides that "any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction

between December 4, 2004, and the date of the enactment of this subsection but otherwise complied with the requirements of section 605(g) for such receipt shall not be in willful noncompliance with section 605(g) by reason of printing such expiration date on the receipt."

43.     Defendants accept Visa, MasterCard, Discover credit and debit cards and American Express credit cards in the course of transacting business with persons who make purchases at Defendants' retail locations.

44.     Banks and credit card associations (i.e. Visa, MasterCard, American Express, Discover, etc.) have informed their merchants, such as Defendants, for years about FACTA and it's the truncation requirement.

45.     VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed merchants, such as Defendants, about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers.

46.     Defendants, by the terms of the contracts they entered with Visa, MasterCard, American Express, and/or Discover, acknowledged their awareness of FACTA's truncation requirements and expressly agreed to be FACTA compliant.

47.     Visa explicitly instructed merchants, including Defendants, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

48.     For example, the August 12, 2006 edition of "Rules for Visa Merchants" (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of

the receipt" and "the expiration date should not appear at all." These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline. Defendants, on information and belief, received this and subsequent Rules from Visa.

49.     MasterCard has explicitly instructed merchants, including Defendants, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

50.     American Express has explicitly instructed merchants, including Defendants, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

51.     Discover has explicitly instructed merchants, including Defendants, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

52.     Defendants, on information and belief, received and understood such communications.

53.     A bulletin dated June 14, 2006 issued by AllianceData, another processor, informed its customers that under FACTA "no person that accepts credit cards or debt cards for the transaction of business shall print more that the last 5 digits of the card number . . . upon any receipt provided to the cardholder at the point of sale transaction." It further stated that Visa required compliance by July 1, 2006 and MasterCard by April 1, 2005.

54.     Upon information and belief, Defendants are members of various trade groups that informed their members about the truncation requirements. Defendants, on information and belief, received and understood such communications.

55.     Governmental agencies have expended considerable resources to inform business, such as Defendants, about the importance of FACTA, why the law is in place and what business must do to be compliant or risk statutory penalties.  For example, the Federal Trade Commission issued a business alert in May 2007 entitled "Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts," which stated: "According to the federal Fair and Accurate Credit Transactions Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten – or truncate – the account information. You may include no more than the last five digits of the card number, and you must delete the card's expiration date."

56.     At the time of the FACTA violations identified in this Complaint and before, Defendants knew of their obligations under FACTA and the importance of the truncation requirements.

57.     Despite actual knowledge of FACTA's requirements, contractual requirements from credit card issuers that Defendants must be FACTA compliant, and notifications from credit card issuers and the federal government, Defendants continue to willfully disregard FACTA's requirements and continue to use cash registers or other machines or devices that print receipts in violation the truncation requirement after 2006..

58.     Defendant violated 15 U.S.C. § 1681c(g)(1), which provides that:

> …**no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number** or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

> 15 U.S.C. § 1681c(g)(1) (emphasis added).

59.     FCRA, 15 U.S.C. § 1681n, provides:

> § 1681n. Civil Liability for willful noncompliance

(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§ 1681 *et seq.*] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; [ ]

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court…

60.   FCRA, 15 U.S.C. § 1681p, further provides:

§ 1681p. Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title [15 U.S.C. §1681 *et seq.*] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of –

(1) 2 years after the date of discovery by plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

61.   Defendants received information on multiple occasions regarding the truncation requirements and its importance for prevention of identity theft.

62.   Notwithstanding all of the publicity and the Defendants' knowledge of the statute's requirements, they willfully failed to comply with FACTA thereby putting all of their customers' financial identities at risk and requiring the imposition of minimum statutory damages for each receipt issued in violation of the FACTA truncation requirement.

WHEREFORE, Plaintiff requests this Court to: 1) certify the class as described herein; and 2) enter judgment in favor of Plaintiff and the class members and against Defendants awarding:

a.   Statutory damages of no less than $100 nor more than $1,000 per violation;

b.   Pre- and post-judgment interest, attorneys' fees and costs;

c.   Punitive damages, in an amount to be proven at trial; and

d.   Such other and further relief as the Court may deem proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury on all issues so triable.

DATED this 6rd day of May 2014.

Respectfully submitted,

Herzfeld & Rubin, P.C.

By: /s/: Daniel V. Gsovski
     Daniel V. Gsovski (dg4413)
A Member of the Firm
125 Broad Street
New York, New York 10004-2400
(212) 471-8512
(212) 344-3333 (FAX)
dgsovski@herzfeld-rubin.com

Shimshon Wexler  (sw2392)
The Law Offices of Shimshon Wexler, PC
216 West 104th St., #129
New York, New York 10025
(212) 760-2400
(917) 512-6132 (FAX)
shimshonwexler@yahoo.com

Charles S. Sims - csims@proskauer.com
Gregg Mashberg - gmashberg@proskauer.com
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
(212) 969-3950
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------

YEHUDA KATZ, individually and on
behalf of all others similarly situated,

                                    *Plaintiff,*

     against

THE DONNA KARAN COMPANY LLC; THE
DONNA KARAN COMPANY STORE LLC;
AND DONNA KARAN INTERNATIONAL
INC.,

                                    *Defendants.*

-------------------------------------------------------------

                              14 Civ. 740  (PAC)

### **NOTICE OF MOTION**

     **PLEASE TAKE NOTICE** that, defendants The Donna Karan Company LLC, The Donna Karan Company Store LLC, and Donna Karan International Inc. will move this Court before the Honorable Paul A. Crotty, U.S.D.J., at the Daniel Patrick Moynihan United States Courthouse for the Southern District of New York, 500 Pearl St., New York, NY 10007, Courtroom 11D, for an Order: 1) dismissing, with prejudice and without leave to replead, the First Amended Complaint for failure to state a claim upon which relief can be granted; and 2) granting such other and further relief as the Court deems just and proper.

In support of the motion, the defendants rely on (i) the accompanying Memorandum of Law in support; (ii) the Declaration of Charles S. Sims and attached exhibits; and (iii) any argument that may be heard on the motion.

PLEASE TAKE FURTHER NOTICE that pursuant to order of this Court, dated June 10, 2014, plaintiff's opposition, if any, is due August 26, 2014, and defendants' reply, if any, is due September 17, 2014.

New York, New York
July 28, 2014

PROSKAUER ROSE LLP


By: /s/ Charles S. Sims
    Charles S. Sims
    Gregg M. Mashberg
    David A. Munkittrick
Eleven Times Square
New York, NY  10036-8299
Phone: (212) 969-3000
Fax: (212) 969-2900
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------

YEHUDA KATZ, individually and on
behalf of all others similarly situated,

                              *Plaintiff,*

      against

THE DONNA KARAN COMPANY LLC; THE
DONNA KARAN COMPANY STORE LLC;
AND DONNA KARAN INTERNATIONAL
INC.,

                              *Defendants.*

-------------------------------------------------------------

14 Civ. 740  (PAC)

### DECLARATION OF CHARLES S. SIMS
### IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

I, Charles S. Sims, declare as follows:

1.      I am a member of Proskauer Rose LLP, attorney for Defendants The Donna Karan

Company LLC, The Donna Karan Company Store LLC, and Donna Karan International Inc.  I

submit this declaration to place before the Court certain relevant documents in support of

defendants' Motion to Dismiss the First Amended Complaint.

2.      Attached as Exhibit A is a true and correct copy of plaintiff's First Amended Complaint,

dated May 6, 2014.

3.      Attached as Exhibit B are a true and correct image and a true and correct record, both

redacted pursuant to Fed. R. Civ. P. 5.2(a)(4), of the receipt given to plaintiff on February 2,

2014 at 420 West Broadway, New York, NY 10012, which is referenced in and integral to the

First Amended Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 28, 2014.

CHARLES S. SIMS

# Exhibit B



```
                    RECEIPT_413_02022014 (2).txt
              DKNY SOHO
         420 West Broadway
         New York, NY 10012
      Telephone: (646)613-1100


              SALE


            <Slsprsn: ANN No. 96412>
022548167205 DKNY MEN'S 10Z           42.00
Subtotal                        $42.00
Sales Tax 8.875%                  3.73
Total                           $45.73
Visa                            $45.73
  Card No. REDACTEDXXXXXX0352 <S>
  Expiration Date XX/XX
  Auth. No. 09121C
  14/02/02 - 17:12
-------------------------------------------
Purchase                    $ 45.73
-------------------------------------------
APPROVED
-------------------------------------------
     Please Retain for Your Records


Store: 0413     Reg: 02     Tran: 103582
Date: 02/02/14 Time: 17:12  Assoc: 094654

            Item(s) Sold: 1
            Item(s) Returned: 0

       Thank you for shopping at
              DKNY SOHO

BARCODE SYMBOLOGY=PTR_BCS_ITF, DATA= 041302103582020214
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
                                :

YEHUDA KATZ,                      :
Individually and on behalf of a class,  :
                                :

          *Plaintiff,*       :
                                :

   *-against-*          :        14 Civ. 740 (PAC)
                                :

DONNA KARAN INTERNATIONAL, INC.; :
THE DONNA KARAN COMPANY, LLC.;  :       **OPINION & ORDER**
THE DONNA KARAN COMPANY STORE, :
LLC.                            :
                                :

         *Defendants.*    :
                                :

-------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiff Yehuda Katz ("Plaintiff") brings this class action against Defendants Donna

Karan International, Inc., The Donna Karan Company, LLC, and The Donna Karan Store, LLC

(collectively, "Defendants"), alleging willful violations of the Fair and Accurate Credit

Transaction Act ("FACTA").

    The claim was created on February 2, 2014 when Plaintiff purchased an item in

Defendants' store using his Visa Credit Card. Am. Compl. ¶ 29. Defendants issued a receipt

listing the first six digits and final four digits of his credit card number in violation of FACTA's

truncation requirement, which mandates that the expiration date be eliminated and that only the

final four digits be printed. *Id.* at ¶ 30; *see* 15 U.S.C. § 1681c(g). Plaintiff claims Defendants'

violation was willful since they were aware of FACTA's applicability and the receipt did not

fully comply. Two days later, on February 4, 2014, Plaintiff initiated this class action on behalf

of similarly situated customers seeking statutory damages of $100 to $1,000 per willful violation,

pre- and post-judgment interest, and (you guessed it) attorneys' fees and costs.[1] *See* 15 U.S.C. §

1681n.

Defendants now move to dismiss Plaintiff's complaint for failure to state a claim under

Fed. R. Civ. P. 12(b)(6). Defendants' motion is GRANTED.

## DISCUSSION

### I.    Legal Standard

Dismissal is appropriate under Fed. R. Crim. P. 12(b)(6) when a complaint fails to allege

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007). When considering motions to dismiss, courts "assume the[] veracity"

of all well-pleaded factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S.

662, 679 (2009). Although detailed factual statements are not required, a complaint that merely

contains "labels and conclusions or a formulaic recitation of the elements of a cause of action

will not do." *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 717 (2d

Cir. 2013) (internal quotation marks omitted). Moreover, such conclusory statements "are not

entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

### II.    Analysis

In order to survive a motion to dismiss, Plaintiff's complaint must allege sufficient facts

to support a plausible inference that Defendants willfully, knowingly, or recklessly violated

---

[1] The class action complaint speculates that Defendants' cash registers generated illegal receipts under FACTA amounting to hundreds of thousands per year in New York City alone. Hundreds of thousands of violations, at $1,000 per violation, results in $100,000,000, together with attorneys' fees and costs—a substantial damage penalty based on a single, $45.73 transaction.

FACTA's truncation requirement. *See Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 57 (2007) (interpreting "willfulness" under FACTA as encompassing "not only knowing violations of a standard, but reckless ones as well"). Mere negligent violations do not entitle Plaintiff to the statutory damages he seeks under 15 U.S.C. § 1681n.[2]

Plaintiff's complaint alleges facts that permit the Court to plausibly infer two things: (1) that Defendants' violated FACTA, Am. Compl. ¶¶ 27-35 (describing the unlawful listing of Plaintiff's credit card information on his receipt and alleging similar unlawful listings on a class-wide basis); and (2) that Defendants were likely aware of FACTA's requirements, *id.* at ¶¶ 41-55 (describing the FACTA notifications issued to Defendant by credit card companies, governmental agencies, and trade groups).

The complaint asserts that Defendants willfully violated FACTA's truncation requirement. *Id.* at ¶ 38 ("[The violation] was thus 'willful' within the meaning of FACTA, as established by the United States Supreme Court") (citation omitted); *id.* at ¶57 ("Defendants continue to willfully disregard FACTA's requirements and continue to use cash registers or other machines or devices that print receipts in violation [of] the truncation requirements after 2006"); *id.* at ¶ 62 ("Notwithstanding all of the publicity and the Defendants' knowledge of the statute's requirements, they willfully failed to comply with FACTA thereby putting all of their customers' financial identities at risk and requiring the imposition of minimum statutory damages for each receipt issued in violation of the FACTA truncation requirement."). The Court draws no inferences from these conclusory assertions. *Iqbal*, 556 U.S. at 678.

Plaintiff's complaint is devoid of any well-pleaded facts which allow the plausible

---

[2] The statute distinguishes between willful violations and negligent violations. Recovery for negligent violations is limited to actual damages pursuant to 15 U.S.C. § 1681o. Plaintiff has not alleged any actual damages. Indeed, based on the facts alleged in the complaint, it is not possible that Plaintiff was harmed.

inference that Defendants willfully, knowingly, or recklessly violated FACTA. Certainly, there are sufficient factual allegations to infer Defendants knew of FACTA's applicability, but there are no factual allegations supporting a plausible inference that Defendants knew their conduct violated the truncation requirement or that Defendants consciously chose to violate FACTA. *See Crupar-Weinmann v. Paris Baguette Am., Inc.*, 2014 WL 2990110, at \*4 (S.D.N.Y. Jun. 29, 2014) ("[A]llegations that plausibly suggest that defendant knew about FACTA's requirements[] do not support a plausible inference that defendant knew that it was *violating* FACTA"). Moreover, Plaintiff's claim is rendered further implausible by the complaint's failure to reconcile Defendants' partial compliance—redacting credit card expiration dates and all digits unique to the cardholder—with its alleged willful non-compliance. *See id.* ("Rather, the fact that defendant changed its credit card receipt to partially comply with FACTA's requirements renders implausible the claim that defendant was attempting to willfully evade FACTA's restrictions.").

At most, Plaintiff's well-pleaded facts permit the Court to infer that Defendant negligently violated FACTA. And contrary to Plaintiff's argument, a pleading which demonstrates negligence does not "raise[] a triable issue as to recklessness." Pl.'s Mem. Opp'n 11. Plaintiff's attempt at alleging recklessness—a higher standard, triggering statutory damages—cannot be achieved by merely alleging negligence—a lower standard, triggering actual damages. Such a conflation not only erodes the difference between negligence and recklessness, but it also renders the pleading standards imposed by Rule 12(b)(6) meaningless; in practice, it would essentially permit all plaintiffs alleging willful FACTA violations to bypass Rule 12(b)(6) and proceed to discovery/summary judgment.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is GRANTED. Plaintiff's

claims are dismissed with prejudice and the Clerk of the Court is directed to enter judgment and

close the case.


Dated: New York, New York                                SO ORDERED
      January 29, 2015

                                            _____
                                            PAUL A. CROTTY
                                            United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
YEHUDA KATZ,
Individually and on behalf of a class,

                                Plaintiff,                              14 **CIVIL** 740 (PAC)

        -against-                                                    **JUDGMENT**

DONNA KARAN INTERNATIONAL, INC.;
THE DONNA KARAN COMPANY, LLC;
THE DONNA KARAN COMPANY STORE, LLC.
                                Defendants.
------------------------------------------------------------X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED 01/30/2015 |

        Plaintiff Yehuda Katz ("Plaintiff") brings this class action against Defendants Donna Karan

International, Inc., The Donna Karan Company, LLC, and The Donna Karan Store, LLC

(collectively, "Defendants"), alleging willful violations of the Fair and Accurate Credit Transaction

Act ("FACTA"), and Defendants having moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and

the matter having come before the Honorable Paul A. Crotty, United States District Judge, and the

Court, on January 29, 2015, having rendered its Opinion & Order granting Defendants' motion to

dismiss and dismissing the Plaintiff's claims with prejudice; and directing the Clerk of Court to enter

judgment and close the case, it is,

        **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the

Court's Opinion & Order dated January 29, 2015, Defendants' motion to dismiss is granted and

Plaintiff's claims are dismissed with prejudice; accordingly, the case is closed.

**Dated:**  New York, New York
        January 30, 2015

                                                **RUBY J. KRAJICK**
                                        _____
                                                **Clerk of Court**

                        **BY:**        _K. Mango_____
                                                **Deputy Clerk**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------

YEHUDA KATZ,
 on behalf of himself and the class,                    Case No. 14-cv-740(PAC)

                        Plaintiff,

                                                        **NOTICE OF APPEAL**

            v.

THE DONNA KARAN COMPANY, LLC;
DONNA KARAN INTERNATIONAL, INC.;
THE DONNA KARAN COMPANY STORE, LLC;

                        Defendants.

--------------------------------------------------------------------

PLEASE TAKE NOTICE that Yehuda Katz ("Plaintiff"), on behalf of himself and all others

similarly situated, appeals to the United States Court of Appeals for the Second Circuit from the

District Court's Judgment, entered in this action on February 2, 2015 [Doc. 44], which granted

Defendants' Motion to Dismiss Plaintiff's First Amended Class Action Complaint, as well as,

and including, the District Court's Opinion and Order entered on January 30, 2015 [Doc. 43],

which set forth the District Court's reasoning for granting the dismissal. This appeal is taken

from the entirety of the Memorandum Decision and Order and Judgment and each and every

aspect thereof.

Dated: February 18, 2015

                        By: _____

                            Shimshon Wexler
                            The Law Offices of Shimshon Wexler, PC
                            216 West 104th St., #129
                            New York, NY 10025
                            (212)760-2400
                            (917)512-6132 fax
                            swexleresq@gmail.com
                            *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

.    I, Shimshon Wexler, am an attorney admitted to practice before this court, and I certify that on February 16, 2015, I electronically filed with the United States District Court for the Southern District of New York a copy of the Notice of Appeal in this action via the CM/ECF system.

I certify that this statement is true. I understand that if the foregoing statement is willfully false, I am subject to punishment.

Dated: February 16, 2015

Shimshon Wexler