# 15-464-cv

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

❖❖

YEHUDA KATZ,

*Plaintiff-Appellant,*

—against—

THE DONNA KARAN COMPANY LLC,
THE DONNA KARAN COMPANY STORE LLC,
DONNA KARAN INTERNATIONAL INC.,

*Defendants-Appellees.*

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANTS-APPELLEES

GREGG M. MASHBERG
CHARLES S. SIMS
DAVID A. MUNKITTRICK
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000

*Attorneys for Defendants-Appellees*

# TABLE OF CONTENTS

Page

FED. R. APP. P. 26.1 CORPORATE DISCLOSURE STATEMENT .......... 1

COUNTERSTATEMENT OF ISSUES PRESENTED FOR REVIEW ........................................................................................... 2

COUNTERSTATEMENT OF THE CASE ................................................ 2

        A.    FACTA's Tiered Damages Provisions ............................ 2
        B.    The Allegations of the Amended Complaint ................... 4
        C.    The Decision Below ........................................................ 8

SUMMARY OF ARGUMENT ...................................................... 10

STANDARD OF REVIEW ........................................................... 13

ARGUMENT .............................................................................. 16

POINT I .................................................................................... 16

PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO ALLEGE NON-CONCLUSORY FACTS THAT COULD PLAUSIBLY STATE A CLAIM FOR WILLFUL, AS OPPOSED TO MERELY NEGLIGENT, FACTA NON-COMPLIANCE ........................................ 16

        A.    To Adequately Allege a Willful Violation, *Safeco* Requires Allegations of a Known or Obvious, Unjustifiably High Risk of Harm to Plaintiff ............... 16

        B.    Under *TWA*, Alleged Knowledge of a Statute Does Not Constitute an Allegation of Willful Violation ........ 20

        C.    Judge Crotty's Dismissal Correctly Follows *Safeco*, *TWA*, and FACTA's Two-Tiered Damages Provisions ...................................................................... 23

        D.    Other Courts Recognize FACTA's Two-Tiered Damages Scheme Requires Dismissal When the

i

Alleged Facts Suggest Nothing More Than
Knowledge of the Statute ................................................. 28

POINT II ...................................................................................... 31

BECAUSE PLAINTIFF ALLEGES NO ACTUAL HARM OR RISK
OF HARM, THE AMENDED COMPLAINT FAILS TO STATE A
CLAIM OR ESTABLISH ARTICLE III STANDING ................................ 31

CONCLUSION ............................................................................... 36

CERTIFICATE OF COMPLIANCE ............................................................ 37

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Almendarez-Torres v. United States*,
    523 U.S. 224 (1998)..................................................................... 34

*Anderson News, L.L.C. v. Am. Media, Inc.*,
    680 F.3d 162 (2d Cir. 2012) .................................................... 14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................... 8, 14, 15, 23, 29, 30

*Clapper v. Amnesty Int'l USA*,
    133 S. Ct. 1138 (U.S. 2013) .................................................... 32

*Crabill v. Trans Union, L.L.C.*,
    259 F.3d 662 (7th Cir. 2001) ................................................. 35

*Crupar-Weinmann v. Paris Baguette Am., Inc.*,
    No. 13 Civ. 7013 (JSR), 2014 U.S. Dist. LEXIS 91119
    (S.D.N.Y. June 29, 2014) ................................................. 9, 28

*DaimlerChrysler Corp. v. Cuno*,
    547 U.S. 332 (2006).................................................................. 32

*Doe v. Chao*,
    540 U.S. 614 (2004).................................................................. 35

*Dowell v. Wells Fargo Bank, NA*,
    517 F.3d 1024 (8th Cir. 2008) ............................................... 34

*Famous Horse Inc. v. 5th Ave. Photo Inc.*,
    624 F.3d 106 (2d Cir. 2010) .................................................... 13

*Gallop v. Cheney*,
    642 F.3d 364 (2d Cir. 2011) .................................................... 15

*Gardner v. Appleton Baseball Club, Inc.*,
No. 09-C-705, 2010 U.S. Dist. LEXIS 31653 (E.D. Wis.
Mar. 31, 2010) .................................................................................. 28, 29

*Goodrich v. Long Island R.R. Co.*,
654 F.3d 190 (2d Cir. 2011) .................................................................. 13

*In re Toys "R" Us – Del., Inc. – FACTA Litig.*,
No. MDL 08-1980 MMM, 2010 U.S. Dist. LEXIS 133583
(C.D. Cal. Aug. 17, 2010)...................................................................... 26

*Kendall v. Employees Ret. Plan of Avon Prods.*,
561 F.3d 112 (2d Cir. 2009) .......................................................... 13, 32

*Koch v. Christie's Int'l PLC*,
699 F.3d 141 (2d Cir. 2012) .................................................................. 14

*Komorowski v. All-American Indoor Sports, Inc.*,
No. 13-2177-SAC, 2013 U.S. Dist. LEXIS 125747 (D. Kan.
Sept. 4, 2013)........................................................................................ 30

*Long v. Tommy Hilfiger U.S.A., Inc.*,
671 F.3d 371 (3d Cir. 2012) .................................................................. 24

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992).............................................................................. 31

*McGinty v. New York*,
193 F.3d 64 (2d Cir. 1999) .................................................................... 22

*McLaughlin v. Richland Shoe Co.*,
486 U.S. 128 (1988).............................................................................. 30

*Miller-Huggins v. SpaClinic, LLC*,
No. 09 C 2677, 2010 U.S. Dist. LEXIS 23418 (N.D. Ill.
Mar. 11, 2010) ...................................................................................... 31

*Nicaj v. Shoe Carnival, Inc.*,
No. 13 C 7793, 2014 U.S. Dist. LEXIS 5453 (N.D. Ill. Jan.
16), *aff'd sub nom. Redman v. RadioShack Corp.*, 768 F.3d
622 (7th Cir. 2014) ............................................................................... 31

*Raines v. Byrd*,
    521 U.S. 811 (1997)................................................................ 33

*Redman v. RadioShack Corp.*,
    768 F.3d 622 (7th Cir. 2014), *cert. denied sub nom. Nicaj v.*
    *Shoe Carnival, Inc.*, 135 S. Ct. 1429 (U.S. 2015) ................................... 27

*Safeco Ins. Co. of Am. v. Burr*,
    551 U.S. 47 (2007)........................................................... passim

*Seo v. CC CJV Am. Holdings, Inc.*,
    No. CV 11-05031, 2011 U.S. Dist. LEXIS 120246 (C.D.
    Cal. Oct. 18, 2011)............................................................... 30

*Spokeo, Inc. v. Robins*,
    No. 13-1339, 2015 U.S. LEXIS 2947 (U.S. Apr. 27, 2015) .................. 32

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998)............................................................... 33

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009)............................................................. 33

*Trans World Airlines, Inc. v. Thurston*,
    469 U.S. 111 (1985).......................................................... passim

*United States ex rel. Kreindler & Kreindler v. United Techs.*
    *Corp.*,
    985 F.2d 1148 (2d Cir. 1993) ................................................... 33

*Vidoni v. Acadia Corp.*,
    No. 11-cv-00448-NT, 2012 U.S. Dist. LEXIS 59967 (D. Me.
    Apr. 27, 2012)............................................................... 29, 30

*Vt. Agency of Natural Res. v. United States*,
    529 U.S. 765 (2000)............................................................. 33

*Weitz v. Wagner*,
    No. 07-cv-1106 (KAM), 2009 U.S. Dist. LEXIS 110220
    (E.D.N.Y. Nov. 24, 2009)....................................................... 34

*Wichmann v. Bd. of Trustees of S. Ill. Univ.*,
   180 F.3d 791 (7th Cir. 1999) .................................................................. 22

**STATUTES AND RULES**

15 U.S.C. § 1681c ................................................................. 2, 3, 7, 26

15 U.S.C. § 1681n (Fair and Accurate Credit Transactions Act) .......... passim

15 U.S.C. § 1681o ..................................................................... passim

29 U.S.C. § 626 (Age Discrimination and Employment Act) .... 20, 21, 22, 24

Fed. R. Civ. P. 8 ............................................................................ 14

Fed. R. Civ. P. 12 ................................................................. 9, 13, 14

**OTHER AUTHORITIES**

Bin List (Binlist) & Bin Ranges: List of Issuer Identification
   Numbers, BINDB INDUSTRY STANDARD FRAUD PREVENTION,
   https://www.bindb.com/bin-list.html ......................................................... 7

Brief for the United States as Amicus Curiae, *Spokeo, Inc. v.
   Robins*, No. 13-1339 (U.S. Mar. 2015) .................................................... 33

H.R. 4008, 110th Cong. § 2 (2008) ......................................................... 2, 35

Petition for a Writ of Certiorari, *Spokeo, Inc. v. Robins*, No. 13-
   1339 (U.S. May 2014) ............................................................................ 32

Restatement (Second) of Torts § 500 ..................................................... 17, 18

U.S. CONST. art. III ........................................................ 13, 31, 32, 33, 34, 35

## FED. R. APP. P. 26.1 CORPORATE DISCLOSURE STATEMENT

LVMH Moët Hennessy Louis Vuitton SE, a publicly traded company, is the ultimate parent of Donna Karan International Inc., which is the parent company of both The Donna Karan Company LLC and The Donna Karan Company Store LLC.  No other publicly held corporations own 10% or more of the stock of any of the Defendants-Appellees.

## COUNTERSTATEMENT OF ISSUES PRESENTED FOR REVIEW

Did the district court correctly hold that the well-pleaded facts alleged in the Amended Complaint were insufficient to plausibly claim a willful violation of FACTA, 15 U.S.C. § 1681n, where the allegations are fully consistent with a negligent violation actionable under 15 U.S.C. § 1681o, the alleged conduct threatened no actual harm or increased risk of harm to plaintiff whatsoever, and none of the digits that should have been truncated (but were not) were personally identifiable to plaintiff?

## COUNTERSTATEMENT OF THE CASE

### A.      FACTA's Tiered Damages Provisions

Under the Fair and Accurate Credit Transactions Act ("FACTA"), merchants that accept credit or debit cards are required to redact from printed receipts all but the last five digits of the card number, as well as the card's expiration date.   15 U.S.C. § 1681c(g)(1).   The purpose of these requirements is to thwart identity thieves who might attempt to piece together usable account information from discarded receipts.   *See* H.R. 4008, 110th Cong. § 2(b) (2008).

Recognizing that not all violations are equal, Congress built into FACTA tiered damages provisions, treating negligent violations differently from willful ones.   If a merchant *negligently* violates the statute by

2

oversight, mistake, or carelessness, FACTA provides a cause of action for the cardholder's actual damages. 15 U.S.C. § 1681o(a)(1). If, however, a merchant *willfully* violates the statute and damages the cardholder, Congress provided for statutory damages as an alternative to seeking actual damages. 15 U.S.C. § 1681n(a)(1)(A). This ensures that consumers actually harmed by a violation can be compensated, while shielding merely negligent defendants from automatic, potentially ruinous, statutory damages.

In alleging that defendants-appellants (collectively, "DK") willfully violated FACTA by issuing a receipt that was not fully redacted, Katz has pleaded no defendant-specific facts whatever regarding willfulness, no facts suggesting that carelessness was not the cause of the infraction, and not a single fact to nudge the claim beyond one for simple negligence. That is why plaintiff's introductory framing of the appeal – "Two statutory provisions are involved in this appeal," citing only 15 U.S.C. § 1681c(g)(1) ("Truncation of credit card and debit card numbers") and 15 U.S.C. §1681n ("Civil Liability for willful noncompliance") – is so telling, and fatal. As Katz's framing makes plain, Katz's appeal *depends on ignoring § 1681o* (civil liability for negligent noncompliance) altogether. Once it is taken into account, Katz's appeal cannot succeed, because his arguments render

3

§1681o mere surplusage, depriving it of any operational meaning whatsoever.

## B. The Allegations of the Amended Complaint

At dusk on February 2, 2014, plaintiff Yehuda Katz ("Katz") visited the DKNY[1] store at 420 West Broadway in the SoHo neighborhood of Manhattan. He purchased a single DKNY Men's one-ounce men's fragrance item for $45.73. (JA 26-27) His receipt included the first six digits of his Visa card number as well as the last four digits. *Id.* Katz's name was not printed, and the middle six digits of his card number and the expiration date were redacted. *Id.*

Two days later, Katz filed this putative class action. (JA 3)[2] He does not allege any actual harm resulting from the DKNY receipt, nor does he

---

[1] One of the appellees operates a retail clothing shop under the trademark "DKNY."

[2] This is not the first time Mr. Katz and his counsel, Shimshon Wexler, Esq., have teamed up to bring a purported class action in this Circuit seeking statutory damages. *See, e.g.*, *Katz v. ABP Corp.*, 12-cv-04173-RER (E.D.N.Y. Aug. 20, 2012) (closed, seeking statutory damages on behalf of a class under FACTA); *Katz v. Bowlmore Times Square, LLC*, 12-cv-05197-RJS (S.D.N.Y. July 3, 2012) (closed, seeking statutory damages on behalf of a class under the EFTA); *Katz v. Mid-Hudson Valley Fed. Credit Union*, 12-cv-05195-ER (S.D.N.Y. July 3, 2012) (same); *Katz v. Eataly USA LLC*, 12-cv-05002-JGK (S.D.N.Y. June 26, 2012) (same); *Katz v. Select-A-Branch ATM Network, LLC*, 12-cv-01309-SJ-RML (E.D.N.Y. Mar. 14, 2012) (same); *Katz v. Delta Cmty. Credit Union*, 12-cv-01194-WFK-LB (E.D.N.Y. Mar. 9, 2012) (same); *Katz v. Capital One Bank*

4

seek any actual damages. His suit is solely for statutory damages pursuant to 15 U.S.C. § 1681n, on behalf of himself and a putative a class of similarly situated consumers. In order to pursue this claim, both individually and on behalf of a class, Katz must have adequately alleged a willful violation.

To be sure, Katz's Amended Complaint (hereafter, the "Complaint") uses the words "willful and reckless." (JA 11 ¶ 7) But as the basis for this accusation, Katz's allegations aim at only two propositions: 1) the DKNY receipt improperly included the first six digits of his card number (JA 13-14 ¶ 30) – an implicit concession that DK did truncate the rest of what FACTA required – and 2) DK had constructive notice of the FACTA truncation requirements through government and trade publications (because the government, card issuers, and industry groups generally educated all merchants about FACTA) (JA 15-18 ¶¶ 41-56). In effect, Katz alleges that any merchant that fails to comply fully with FACTA's redaction requirements (without a reasonable legal interpretation for why the statute excuses their lack of redaction) has necessarily engaged in a willful violation, sufficient to get to a jury, rendering § 1681o dead letter.

The Complaint also includes allegations that look ahead to a future motion for class certification, should the case reach that stage, although there

---

*(USA), NA*, 12-cv-01085-BSJ-RLE (S.D.N.Y. Feb. 10, 2012) (same).

too Katz offers only conclusions and no fact pleading. There are no factual allegations of a second noncompliant receipt from any DK store, including the one in which Katz shopped. Indeed, the Complaint admits that "[t]he length and scope of these [alleged] violations cannot be determined without discovery." (JA 11 ¶ 6)

Barely containing his anticipation of a class action recovery, Katz pleads hopes rather than facts. He alleges that "[i]nsofar as additional machines *may have been* programmed to operate in violation of FACTA, the number of transactions generating illegal receipts under FACTA can total into the tens or hundreds of thousands per year in New York City alone." (JA 14 ¶ 36) (emphasis added) Of course, that is not a factual allegation that the incomplete truncation happened in any other DK store or on any other day, but only that *if* it did, the putative class would contain thousands of members.

What the Complaint does not allege is also important. Nowhere does the Complaint allege that DK had a purposeful or even knowing practice of programming computers to generate a receipt like Katz's. He does not allege that DK previously has ever been the subject of a FACTA lawsuit, nor that DK had issued any receipts in violation of the FACTA after he had filed his initial complaint. He does not allege that any of the digits that should

6

have been (but were not) truncated did, or could have, identified him at all, and correctly so, because those erroneously printed digits identified only the card issuer, not the card holder.[3] Katz alleges no actual injury as a result of the receipt handed to him, or even any increased risk of harm.

Nor could he. Katz does not allege he lost the receipt or that he discarded it without taking precautions, such as shredding it. Notably, he does not allege that the unredacted first six digits of his card number are unique to him, or somehow identify him – they are not and cannot. They identify the card issuer – here, Chase Bank. Indeed, the six-digit *issuer* identifying numbers are publicly distributed on industry-standard fraud prevention websites to help merchants validate credit card transactions. Thus, even if Katz had lost his receipt, and even if the receipt had been found by an identity thief, the most that could be gleaned from the numbers that should have been redacted is that the payment card used at the DKNY store on February 2, 2014 was issued by Chase. Nothing more.[4]

---

[3] *See* Bin List (Binlist) & Bin Ranges: List of Issuer Identification Numbers, BINDB INDUSTRY STANDARD FRAUD PREVENTION, https://www.bindb.com/bin-list.html ("The first 6 digits of a credit card number … identify the institution that issued the card to the card holder," listing 6-digit issuer identification numbers).

[4] DK could have included the name "Chase Bank" on the receipt in full compliance with FACTA. *See* 15 U.S.C. § 1681c. Only Chase's otherwise public identification number, not its name, was required to be truncated.

While DK's receipt included six *issuer-identifying digits* that FACTA requires to be redacted, DK's receipt did redact *all personally identifiable digits* required to be redacted, and more: all of the expiration date, and all the digits personal to Katz required to be redacted, plus one more: the fifth from the last digit. The DKNY receipt, which did not print Katz's name either, left Katz's identity just as secure, if not more so, than a fully-compliant FACTA receipt.

### C. The Decision Below

Judge Crotty dismissed Katz's Complaint, analyzing the allegations in light of FACTA's two-tiered damages provisions. "Mere negligent violations do not entitle Plaintiff to the statutory damages he seeks under 15 U.S.C. § 1681n." (JA 30) A negligent violation would entitle Katz to recover any actual resulting damages, but as the district court concluded after reviewing the allegations in the Complaint, "it is not possible that Plaintiff was harmed." *Id.*

Disregarding the conclusory allegations in the Complaint, as it must under *Iqbal*, the district court found the Complaint permitted two inferences: that DK technically violated FACTA and DK had been advised of FACTA's requirements. *Id.* But these factual allegations, as the court found, leave the Complaint "devoid of any well-pleaded facts which allow the plausible

8

inference that Defendants willfully, knowingly, or recklessly violated FACTA … [T]here are no factual allegations supporting a plausible inference that Defendants knew their conduct violated the truncation requirement or that Defendants consciously chose to violate FACTA." (JA 30-31)

Judge Crotty held that "[a]t most," the Complaint allowed an inference of negligent violation. (JA 31) Allowing the case to move into discovery would "erode[] the difference between negligence and recklessness" that Congress delineated in FACTA and "would essentially permit all plaintiffs alleging willful FACTA violations to bypass Rule 12(b)(6)." *Id.* In so ruling, Judge Crotty cited to the recent decision in *Crupar-Weinmann v. Paris Baguette America, Inc.*, No. 13 Civ. 7013 (JSR), 2014 U.S. Dist. LEXIS 91119 (S.D.N.Y. June 29, 2014), where Judge Rakoff applied precisely the same reasoning in dismissing the FACTA complaint in that case.[5]

The district court's conclusions expressly respected and enforced the distinctions between § 1681o and § 1681n, as well as the Supreme Court's analysis of recklessness in *Safeco Insurance Company of America v. Burr*,

---

[5] The appeal in *Crupar-Weinmann* (No. 14-3709-cv) is being heard in tandem with this appeal.

551 U.S. 47 (2007), as a means to demonstrate willfulness. As set forth below, the district court's opinion accounted for both § 1681o and § 1681n, while plaintiff's interpretation would, as a practical matter, strip FACTA of § 1681o and effectively turn FACTA into a strict liability statute for statutory damages. That is not what Congress enacted, and the district court's decision should be affirmed.

## SUMMARY OF ARGUMENT

Revealingly, nowhere in his brief does Katz cite 15 U.S.C. § 1681o, notwithstanding that Judge Crotty noted that it was, if any statutory provision was, the proper vehicle for litigating the factual allegations pleaded. Harmonizing § 1681o (negligent FACTA violations) and § 1681n (willful, or reckless FACTA violations) is at the core of these appeals. Katz cannot write § 1681o out of FACTA, and his inability to address it effectively destroys his argument. Under Katz's interpretation of FACTA's damages provisions and *Safeco*, the seminal Supreme Court case interpreting them, any violation of FACTA would rise to the level of a reckless violation subject to class actions seeking statutory damages multiplied exponentially across the class. This is precisely the interpretation foreclosed by the Supreme Court's decision in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985) ("*TWA*"), also conspicuously absent from Katz's brief.

10

Katz's general, non-DK-specific allegations do not rise to an inference of a reckless violation, the "essence" of which, under *Safeco*, is a "high risk of harm" that is "substantially greater than that which is necessary to make [the] conduct negligent." 551 U.S. at 69. Katz has alleged no injury, either actual or certainly impending, let alone any high risk of harm characteristic of recklessness. Additionally, Katz alleges no facts that, if proven, would enable a jury to conclude DK's partial compliance with FACTA was anything other than negligent, let alone "substantially greater than" negligent.

In the end, Katz's sole allegation in support of recklessness is that DK likely knew about FACTA. But *TWA* held that alleged knowledge of a statute is not enough to allege a willful violation because such an interpretation would turn nearly every violation of a well-publicized statute into a reckless one. General knowledge of FACTA's requirements cannot alone create liability for statutory damages under §1681n.

Indeed, nearly every non-conclusory allegation in the Complaint is applicable to any merchant that accepts credit cards: that publications about FACTA were widely distributed by the government, credit card companies, and trade organizations; that a single machine produces more than one receipt; and that there is more than one machine in more than one store. If

11

such general allegations are sufficient to make out a reckless violation, then any violation of FACTA by any merchant throughout the nation could be deemed reckless, and Congress's provision of a separate remedy for negligent violations in § 1681o will be effectively dead letter. There could be no careless or negligent mistakes in programming a computer or software or in handing a non-compliant receipt to a customer.

Judge Crotty properly found that Katz does not allege any injury to himself, let alone any risk of harm high enough to meet *Safeco*'s recklessness standard. The alleged facts of partial compliance do not plausibly raise any inference of increased risk of identity theft to Katz, nor does he claim as much. The six digits improperly printed on Katz's receipt are not unique to him, and do not identify him at all; they identify only the issuer of his credit card. His name did not appear on the receipt. DK also went beyond FACTA's requirements by redacting additional personally identifiable information from the receipt: the fifth-to-last digit of his card number. The DKNY receipt protected Katz's identity to the same extent, if not more so, than a technically compliant receipt.

At most, Katz's allegations – that DK partially complied with FACTA, and in other respects over-complied, all in such a way that caused

12

no risk of harm to Katz – might give rise to an inference that DK acted negligently, rendering Katz eligible for actual damages.

But Katz does not plead any harm, and as Judge Crotty recognized, effectively pleaded that there was none. The Complaint can be dismissed for this lack of injury (and thus standing) alone, not only because § 1681n requires that there be some actual damage in order to claim statutory damages, but also because Article III of the Constitution precludes any suit to enforce a law in the absence of some personal harm, as this Court has previously held. *Kendall v. Employees Ret. Plan of Avon Prods.,* 561 F.3d 112, 118 (2d Cir. 2009).

Because plaintiff has adequately alleged neither harm nor willfulness under the controlling standards, the Complaint fails to state a claim upon which relief can be granted. The dismissal should be affirmed.

## STANDARD OF REVIEW

A grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim is reviewed *de novo*, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goodrich v. Long Island R.R. Co.*, 654 F.3d 190, 192-93 (2d Cir. 2011) (quoting *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d

Cir. 2010)); *see also Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

The requirement to draw all inferences in plaintiff's favor is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A plaintiff must allege "sufficient factual matter" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted). Conclusions "do[] not unlock the doors of discovery." *Id.*

The Supreme Court in *Iqbal* illustrated the proper approach to a complaint under a Rule 12(b)(6) analysis. First, "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth" should be identified. *Id.* at 679. So, "[i]n reviewing the complaint, we giv[e] no effect to assertions of law or to legal conclusions couched as factual allegations." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (quotations and citations omitted). After that weeding process, if any well-pleaded factual allegations remain, "a court

14

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

"[E]ven if the complaint contains sufficiently well-pleaded allegations, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quotations and citations omitted). When the alleged facts allow an "obvious alternative explanation," *Iqbal*, 556 U.S. at 682 (citation omitted), for the defendant's conduct, then the complaint supports no more than the "mere possibility" of an actionable claim, *id.* at 679, and must be dismissed. Such determinations are to be based on a court's "judicial experience and common sense." *Id*.

Here, after all conclusory allegations are weeded out, the remaining allegations fail to "nudge" Katz's claims of willful violation "across the line from conceivable to plausible" because the factual allegations at best, and more reasonably, make a claim for negligence, not willfulness. *See id.* at 680, 682 ("the obvious alternative explanation" for alleged conduct may render conclusory explanations unsupported by fact pleading implausible and subject to dismissal).

# ARGUMENT

# POINT I

# PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO ALLEGE NON-CONCLUSORY FACTS THAT COULD PLAUSIBLY STATE A CLAIM FOR WILLFUL, AS OPPOSED TO MERELY NEGLIGENT, FACTA NON-COMPLIANCE

The district court understood that Katz alleged no more than that DK probably knows about FACTA and that Katz's DKNY receipt complied with some, but not all, of FACTA's redaction requirements. As such, Katz did not plausibly allege anything more than negligence, and no facts whatever pointing to an unjustifiably high risk of probable harm to himself or anyone, or that any risk of harm to Katz was so obvious that DK should have known of it. That is what willfulness under § 1681n (as construed in *Safeco*) requires.

## A. To Adequately Allege a Willful Violation, *Safeco* Requires Allegations of a Known or Obvious, Unjustifiably High Risk of Harm to Plaintiff

*Safeco* provides that a claim for willfulness under FACTA may be stated by adequately pleading recklessness. Katz would seize on this formulation to bootstrap allegations that amount to nothing more than simple negligence into a willful violation. Judge Crotty correctly rejected this

16

transparent effort to turn every lapse under FACTA into a claim for statutory damages under § 1681n.

As explained by the Supreme Court, recklessness is an objective standard: conduct that entails "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco*, 551 U.S. at 68 (citations and quotations omitted). Reflecting that allegations of harm are essential to establish recklessness, *Safeco* quoted the Restatement (Second) of Torts § 500:

> The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

551 U.S. at 69 (quotations and citations omitted); *see also id.* (recklessness requires "a known or obvious risk that was so great as to make it highly probable that harm would follow") (quotation and citation omitted). As the Court explained, "[i]t is this high risk of harm, objectively assessed, that is the essence of recklessness." *Id.*

The provision of the Restatement on which *Safeco* rested further explains:

> In order that the breach of the statute constitute reckless disregard for the safety of those for whose protection it is

17

enacted, the statute must not only be intentionally violated, but the precautions required must be such that their omission will be recognized as involving a high degree of probability that serious harm will result.

Restatement (Second) of Torts, § 500 cmt. e.[6]

The hallmarks of recklessness, then, are (a) an unjustifiably high risk of harm (b) that is known or obvious, (c) that is substantially greater than that which would constitute negligence, and (d) from which harm is highly likely to follow. *See Safeco*, 551 U.S. at 68-69.

This is not, as Katz argues, the equivalent of requiring subjective knowledge, and it is not the standard the district court applied. (Pl. Br. at 4, 19)  It is the objective assessment of the risk of harm that matters for recklessness, and it was this standard that the district court applied below. "Plaintiff's complaint is devoid of any well-pleaded facts which allow the

---

[6] The Restatement continues with further observations fatal for Katz's claims:

> "Reckless misconduct differs from … that form of negligence which consists in mere inadvertence, incompetence, unskillfulness, or a failure to take precautions … in that reckless misconduct requires a ***conscious choice*** of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man."

Restatement (Second) of Torts, § 500 cmt. g (emphasis added).

18

plausible inference that Defendants willfully, knowingly, *or recklessly* violated FACTA." (JA 30-31) (emphasis added).

Katz purports to find support for his position in *Safeco*, but he misreads *Safeco* and FACTA when he argues that the only form of negligence that can escape a finding of willful violation would be a negligent misinterpretation of the statute.

To be sure, in *Safeco*, the defendant's violation stemmed from an erroneous reading of the applicable statute. The Court held that because the defendant's interpretation was not objectively unreasonable, its actions could not have been reckless – the defendant did not know or have reason to know of facts that created an unreasonable risk of harm. *Safeco*, 551 U.S. at 69-71. But nowhere did the Court hold that the allegations there presented the only form of negligence contemplated by § 1681o, which is what, in essence, plaintiff now argues. (Pl. Br. at 16-19) If this interpretation of FACTA and *Safeco* were accurate, no court could ever accept a defense of negligence in the absence of a reasonable but mistaken legal interpretation. Neither *Safeco* nor any other case has held that reasonable (but wrong) interpretations exhaust the category of negligent FACTA violations.

That DK has not claimed that its negligence arises from a misreading of the statute does not free plaintiff of satisfying his burden to plead the risk

19

of harm necessary to make out a claim of a willful FACTA violation as defined in *Safeco*.

**B.    Under *TWA*, Alleged Knowledge of a Statute Does Not Constitute an Allegation of Willful Violation**

Citing *Safeco*, Katz argues that because merchants generally, including DK, had received information regarding FACTA's requirements, DK automatically was reckless and violated § 1681n by printing digits otherwise subject to the redaction requirement.  (Pl. Br. at 21)  The Supreme Court long ago put this argument to rest.

In *TWA*, the Supreme Court held that mere knowledge of a statute like FACTA is not enough to allege a willful violation, because to do so would frustrate Congress's two-tiered liability scheme.  469 U.S. at 127-28 (cited in *Safeco*, 551 U.S. at 57).

*TWA* construed the Age Discrimination and Employment Act ("ADEA") which, like FACTA, contains a separate liquidated damages provision for willful violations.  *TWA*, 469 U.S. at 125.  And like *Safeco*, *TWA* held that "willful" as used in the ADEA included a reckless violation.  *Id.* at 126-27.

As in this case, the plaintiffs in *TWA* argued the defendant's violation was willful or reckless because TWA was "cognizant" of the ADEA.  *Id.* at

20

127.  The Court, however, was "unpersuaded by respondents' argument that a violation of the Act is 'willful' if the employer simply knew of the potential applicability of the ADEA."  *Id.*  The Court rejected plaintiffs' suggested "in the picture" standard – the same standard urged by Katz:

> More importantly, the broad standard proposed by the respondents would result in an award of double damages in almost every case.  As employers are required to post ADEA notices, it would be virtually impossible for an employer to show that he was unaware of the Act and its potential applicability.  Both the legislative history and the structure of the statute show that Congress intended a two-tiered liability scheme.  We decline to interpret the liquidated damages provision of ADEA § 7(b) in a manner that frustrates this intent.

*Id.* at 128 ("The 'in the picture' standard proposed by the respondents would allow the recovery of liquidated damages even if the employer acted reasonably and in complete 'good faith.'  Congress hardly intended such a result.").[7]

Simply alleging knowledge that a statute is "in the picture" is insufficient without more to nudge a claim beyond a negligent violation to a willful one.  Willfulness, even when pled by means of alleged reckless conduct, must be defined and applied so as to leave Congress's two-tiered

---

[7]  The Court in *Safeco* noted that it had no occasion "to pinpoint the negligence / recklessness line," having easily concluded that the pleading there alleged no more than negligence.  551 U.S. at 69.

scheme intact. *See Safeco*, 551 U.S. at 60 (court must "[g]ive effect, if possible, to every clause and word of a statute") (quotation and citation omitted)).[8]

Katz's position presents each of the concerns *TWA* took pains to avoid – the award of statutory damages in virtually every case. As in *TWA*, none of the allegations on which Katz principally relies is specific to DK. (Pl. Br. at 6-10) He alleges that DK had notice of the FACTA requirements through government, credit card company, and other trade publications allegedly sent to all merchants throughout the country. (JA 15-18 ¶¶ 41-55) These allegations apply to nearly every business that accepts credit cards and would effectively render every FACTA violation willful, contrary to the approach taken in *TWA*. *See* 469 U.S. at 128.

Plaintiff's effort to read FACTA as a strict liability statute with a narrow exception for negligent mistakes of law is untenable. FACTA was

---

[8] This Court has reiterated the teachings of *TWA*. "The term 'willful,' we have said, as used in the ADEA, is designed to shield the employer who violates the Act without knowing it, and whose ignorance is not reckless." *McGinty v. New York*, 193 F.3d 64, 69 (2d Cir. 1999) (quoting *Wichmann v. Bd. of Trustees of S. Ill. Univ.*, 180 F.3d 791, 804 (7th Cir. 1999)). Congress structured FACTA to provide the same shield for businesses that fail to comply fully with FACTA by mere negligence.

not designed to punish merchants and reward litigants for negligent lapses that pose no risk of identity theft, the evil that statute is designed to address.

## C. Judge Crotty's Dismissal Correctly Follows *Safeco*, *TWA*, and FACTA's Two-Tiered Damages Provisions

In analyzing the Complaint, the district court properly examined the allegations to isolate conclusory claims entitled to no weight under *Iqbal*. (JA 30)  Merely offering "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678 (quotations and citation omitted).  Katz's conclusory allegations, as the district court found, include paragraphs 8, 57, and 62 of the Complaint. Once these conclusory allegations are removed, the only remaining factual allegation to support Katz's willfulness claim is that DK knew about FACTA, and that is all Katz argues on appeal.

Knowledge of a statute does not increase any risk of harm to plaintiff – it cannot alone make a claim for willfulness.  *See TWA*, 469 U.S. at 127-30.  Though Katz attempts to treat allegations of DK's general knowledge of FACTA from assumed government and industry notices as factual allegations that DK knew or should have known of an obviously high risk of harm, nothing in the Complaint suggests any conduct, or such a high risk of harm, that rises above the level of negligence.

23

By relying on what retailers like DK generally were told, Katz seeks to rewrite FACTA into a strict liability statute where the only possible defense to an allegation of willful violation is a negligent misreading of the law.  But as Judge Crotty (and Judge Rakoff before him) recognized, statutes regulating retailer conduct can be negligently violated, even where retailers are alleged to be generally on notice of what the statutes require.  If the allegations here are sufficient, then every violation of FACTA by any merchant throughout the nation would adequately plead willfulness and reach a jury.  This is precisely the result *TWA* sought to avoid under the ADEA.

Even Katz's cited cases recognize that government communications do not provide the requisite foundation to make out a claim for willful violation.  *See Long v. Tommy Hilfiger U.S.A., Inc.*, 671 F.3d 371, 377 n.3 (3d Cir. 2012) (rejecting plaintiff's argument that defendant must have known the FACTA expiration date redaction requirements from an FTC "Business Alert," noting "we cannot conclude from this Business Alert standing alone that Hilfiger ran a risk of violating FACTA substantially greater than the risk associated with a reading that was merely careless").

Congress knows how to write a strict liability statute, and did not write one in FACTA.  Instead, it carefully created a statutory scheme that

24

distinguished between negligent and willful violations by affording distinctly different remedies. In the absence of any non-conclusory factual allegations that DK ignored an obviously high risk of actual harm to plaintiff that rises well above the level of negligence, the Complaint fails to make out a claim for willfulness.

The district court further found that "Plaintiff's claim is rendered further implausible by the complaint's failure to reconcile Defendants' partial compliance … — with its alleged willful noncompliance." (JA 31)

Both the fact of partial compliance and the specific nature of DK's partial compliance might permit an inference of negligence, but not willfulness. Partial compliance shows DK took action to comply with FACTA and protect its customers from any threat of identity theft. Contrary to Katz's strained inferences (Pl. Br. 21-22), such efforts are inconsistent with a willful (reckless) violation of the statute. It shows a purposeful endeavor to comply – to redact information from a receipt to help protect customers from potential identity theft. Absent further or contrary allegations, it stands to reason that any technical noncompliance despite these efforts is a negligent mistake actionable under § 1681o, and not willful under § 1681n.

25

Additionally, Katz does not allege any increased risk of identity theft as a result of DK's partial compliance, and necessarily so, because DK failed in its truncation obligation only as to digits that identify the card issuer (Chase), *not as to those that identify Katz*. Indeed, FACTA does not prohibit the printing of issuer information on the receipt. *See* 15 U.S.C. § 1681c. DK could have written "Chase Bank" on the receipt in full compliance with FACTA. Having properly truncated all the Katz-identifying digits required by FACTA to be redacted, DK's receipt presented no increased risk to Katz whatsoever. *See In re Toys "R" Us – Del., Inc. – FACTA Litig.*, No. MDL 08-1980 MMM (FMOx), 2010 U.S. Dist. LEXIS 133583, at *46-*53 (C.D. Cal. Aug. 17, 2010) ("The first six digits that were incorrectly printed on the receipt … provided only information about the issuing bank, not information unique to an individual consumer … [B]ecause Congress did not prohibit the printing of issuer information on the credit card receipt, there is no possibility that the printing of the first six digits could have resulted in a risk of harm greater than that prohibited by Congress.").

At the same time, the DK receipt truncated *additional* personally identifiable information beyond FACTA's requirements: the fifth-to-last digit. Nor did Katz's name appear. Thus, the receipt left Katz's identity just as safe, if not more so, than a fully FACTA-compliant receipt.

26

These alleged facts do not meet *Safeco*'s definition of a willful (reckless) violation, or indeed allege *any* of the hallmarks of such a violation. There is no allegation of an "unjustifiably high risk of harm" to Katz that was "known or obvious" to DK. *See Safeco*, 551 U.S. at 68-69. There is no allegation of a risk so great that harm was "highly probable" to follow. *Id.* at 69. And there is no allegation of a risk that is "substantially greater" than the risk that would constitute negligence or carelessness. *Id.*

Katz's cited cases are inapposite, or support affirmance. For instance, in *Redman v. RadioShack Corporation*, a consolidated appeal from two FACTA cases, the Seventh Circuit found willfulness adequately pleaded in one of the cases because "[t]he company had been found in an earlier lawsuit to have left the expiration date on receipts in violation of a parallel state statute … Knowing the risk and failing to take any precaution against it … were indicative of willful violation." 768 F.3d 622, 638 (7th Cir. 2014), *cert. denied sub nom. Nicaj v. Shoe Carnival, Inc.*, 135 S. Ct. 1429 (U.S. 2015). Katz has made no such allegation.

By contrast, in the second case on appeal in *Redman,* "There was no previous violation to alert the company; and it is not argued that mistakes made by other credit-card sellers should have alerted it to the risk of

violating the statute inadvertently." Dismissal for failure to adequately plead willfulness was therefore affirmed. *Id.* at 639-40.

The same is true here: the pleaded facts show no increased risk of harm to Katz, and no unjustifiably high risk of harm to him. No alleged facts that would plausibly make any such risk known or obvious to DK. In accord with Supreme Court precedent in *Safeco* and *TWA,* the Complaint was correctly dismissed.

### D. Other Courts Recognize FACTA's Two-Tiered Damages Scheme Requires Dismissal When the Alleged Facts Suggest Nothing More Than Knowledge of the Statute

Following *TWA* and taking into account § 1681o, cases in this Circuit and around the country routinely dismiss allegations nearly identical to Katz's as having no bearing on the question of willful violation. Most recently, Judge Rakoff in *Crupar-Weinmann* found that "allegations that plausibly suggest that defendant knew about FACTA's requirements, do not support a plausible inference that defendant knew that it was *violating* FACTA." 2014 U.S. Dist. LEXIS 91119, at *12. The plaintiff's appeal from that decision is being heard in tandem with this case.

Likewise, *Gardner v. Appleton Baseball Club, Inc.,* on facts highly similar to those here, dismissed a claim of a willful FACTA violation:

> In essence, Plaintiff is suggesting that because most businesses
> know the law and follow it, the Defendant's failure to do so

28

must have been willful. But this is an allegation that could be leveled (and apparently is) in every FACTA case. Any time a company violates the law, a plaintiff could point out that most companies do not violate the law, and on this shaky hook a plaintiff could hang a claim of willfulness. These kinds of arguments are not particularized facts about the defendant's intent, but inferences of general applicability drawn from the Plaintiff's observations about life. The "fact" that other businesses comply with the law is an assertion that could be leveled at any FACTA defendant, and thus in substance the complaint merely alleges that the Defendant violated the statute, and the violation itself is deemed sufficient evidence of willfulness. Under *Iqbal* and *Twombly*, there has to be something more.

No. 09-C-705, 2010 U.S. Dist. LEXIS 31653, at *13-17 (E.D. Wis. Mar. 31, 2010) ("[G]iven the fact that no additional protection of the consumer is achieved by deleting the expiration date, it can hardly be said that its action 'entail[ed] an unjustifiably high risk of harm that is either known or so obvious that it should be known.'") (citation omitted).

In *Vidoni v. Acadia Corporation*, No. 11-cv-00448-NT, 2012 U.S. Dist. LEXIS 59967 (D. Me. Apr. 27, 2012), the defendant restaurant redacted plaintiff's credit card number but not the card's expiration date. *Id.* at *2-3. Plaintiff's allegations of willfulness were just like those here, averring that the defendant was generally apprised of FACTA's requirements through trade associations, agreements with credit card issuers, its bank or other entities that performed credit and debit card payment clearing services, and its point-of-sale providers. *Id.* at *4-5. The district court

29

held that such allegations did not state a claim for a willful violation of FACTA, and dismissed: "Merely being aware of a statute ... is insufficient to state a claim for willfulness" under FACTA.  "In cases where the Defendant is aware of a statute's requirements, the Plaintiff must also allege that there was something more than a negligent violation, i.e. a voluntary, deliberate, or intentional violation."  *Id*. at *11 (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132-33 (1988)).

*Vidoni* further held that the plaintiff's allegations that the defendant restaurant took steps that complied with some provisions of FACTA, such as truncating the plaintiff's credit card numbers on his receipt, fatally undermined the plaintiff's claims that the failure to comply with other requirements showed knowing or reckless behavior.  2012 U.S. Dist. LEXIS 59967, at *11-12.  Allegations of partial compliance "support[ed] the inference that the Defendant was neither disregarding FACTA nor indifferent to its requirements."  *Id*. at *12. Under the standards of *Iqbal* and *Twombly*, the "Defendant's conduct may have been negligent, but, on the facts alleged in the Complaint, it was not willful." *Id*.   The same is true here.

Additional dismissals of claims for statutory damages under FACTA, on pleadings indistinguishable from those here, include *Komorowski v. All-American Indoor Sports, Inc.*, No. 13-2177-SAC, 2013 U.S. Dist. LEXIS

30

125747, at *9-10 (D. Kan. Sept. 4, 2013) (holding that acceptance of plain-tiffs' argument based on what merchants generally were told and knew would turn every violation into a willful violation); and *Seo v. CC CJV Am. Holdings, Inc.*, No. CV 11-05031, 2011 U.S. Dist. LEXIS 120246, at *5 (C.D. Cal. Oct. 18, 2011) ("The fact that information about FACTA was available to" defendant did not state a claim for willful violation). *See also*, *e.g.*, *Nicaj v. Shoe Carnival, Inc.*, No. 13 C 7793, 2014 U.S. Dist. LEXIS 5453, at *8 (N.D. Ill. Jan. 16), *aff'd sub nom. Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014); *Miller-Huggins v. SpaClinic, LLC*, No. 09 C 2677, 2010 U.S. Dist. LEXIS 23418, at *5-6 (N.D. Ill. Mar. 11, 2010).

There is nothing in Katz's Complaint distinguishing it from those dismissed in the above-cited cases. Judge Crotty properly dismissed the Complaint in accordance with *Safeco*, *TWA*, and FACTA's two-tiered damages scheme.

## POINT II

## BECAUSE PLAINTIFF ALLEGES NO ACTUAL HARM OR RISK OF HARM, THE AMENDED COMPLAINT FAILS TO STATE A CLAIM OR ESTABLISH ARTICLE III STANDING

The district court held – and Katz's brief does not dispute – that Katz pleaded no injury, and suffered no injury whatever. But the statutory text, fairly read, makes some damage in fact a precondition to statutory damages,

31

and Article III would require it in any event: injury in fact is the "irreducible constitutional minimum" of Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Indeed, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (U.S. 2013) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). Because the allegations establish that Katz has suffered no injury or imminent risk of injury, the Complaint can be dismissed on this basis alone.

FACTA does not confer standing in view of Katz's lack of injury. The law of this Circuit is that a plaintiff "must establish both statutory standing and constitutional standing, meaning [the plaintiff] must identify a statutory endorsement of the action and assert a constitutionally sufficient injury arising from the breach of a statutory imposed duty." *Kendall*, 561 F.3d at 118.[9]

---

[9] On April 27, 2015, the Supreme Court granted a writ of certiorari to review a holding by the Ninth Circuit, in a case arising under §§ 1681o and 1681n (but for claims concerning the Fair Credit Reporting Act rather than FACTA). *Spokeo, Inc. v. Robins*, No. 13-1339, 2015 U.S. LEXIS 2947 (U.S. Apr. 27, 2015). The question presented is "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Petition for a Writ of Certiorari at i, *Spokeo, Inc. v. Robins*, No. 13-

The Supreme Court has reiterated this principle repeatedly. A plaintiff lacks standing merely to seek "vindication of the rule of law." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 106 (1998). Indeed, "the requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009); *see also Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) ("Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing."); *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1154 (2d Cir. 1993) ("Nevertheless, some injury-in-fact must be shown to satisfy constitutional requirements, for Congress cannot waive the constitutional minimum of injury-in-fact."); *Vt. Agency of*

---

1339 (U.S. May 2014), *available at* http://sblog.s3.amazonaws.com/wp-content/uploads/2014/05/13-1339-Spokeo-v-Robins-Cert-Petition-for-filing.pdf. The Petition relied on this Court's decision in *Kendall* as the basis for the circuit conflict that warranted review. *Id.* at 10, 17. Notably, the Solicitor General – invited to express the views of the United States – declined to defend the contention that Congress could create standing even absent any injury in fact, and rested the government's (unsuccessful) opposition to review on the much narrower ground, unavailable here, that plaintiff's allegation that defendant had disseminated inaccurate information about him in violation of respondent's statutory rights constituted "tangible harm." Brief for the United States as Amicus Curiae at 8-17, *available at* http://sblog.s3.amazonaws.com/wp-content/uploads/2015/03/13-1339-Spokeo-US-Invitation-Br.pdf.

*Natural Res. v. United States*, 529 U.S. 765, 772 (2000) ("An interest unrelated to injury in fact is insufficient to give a plaintiff standing.").

Katz argues he is empowered to lead a class of potentially "tens or hundreds of thousands" customers despite having suffered no harm himself, but FACTA must be read to avoid conflict with the irreducible Article III standing requirements. *See Almendarez-Torres v. United States*, 523 U.S. 224, 237 (1998) ("[A] statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score.").

Congress did not construct an unconstitutional statute in FACTA. As the Eighth Circuit and courts in this Circuit have noted, § 1681n is readily construed to require proof of actual injury sufficient to confer Article III standing. A plaintiff who has adequately alleged a willful violation may choose to seek an award of statutory damages instead of actual damages, but some actual damage is still required to reach that choice. *See Dowell v. Wells Fargo Bank, NA*, 517 F.3d 1024, 1026 (8th Cir. 2008) ("Th[e] language [of 15 U.S.C. § 1681n(a)(1)(A)] clearly provides that an award of statutory damages is available as an alternative to an award of actual damages. … A reasonable reading of the statute could still require proof of actual damages but simply substitute statutory rather than actual damages for

the purpose of calculating the damage award."); *Weitz v. Wagner*, No. 07-cv-1106 (KAM), 2009 U.S. Dist. LEXIS 110220, at \*16-18 (E.D.N.Y. Nov. 24, 2009) ("The Second Circuit interprets this statutory language [in § 1681n(a)] as requiring proof of actual damages, in addition to willful non-compliance"); *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001) ("Without a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages.'"); *cf. Doe v. Chao*, 540 U.S. 614, 621 (2004) (construing the Privacy Act to require actual damage as a prerequisite to any award of statutory damages).

The legislative history of the 2007 amendment to FACTA squarely requires just that interpretation:

> The purpose of this Act is to ensure that consumers suffering from any *actual harm* to their credit or identity are protected while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers.

H.R. 4008, 110th Cong. § 2(b) (2008) (emphasis added).

Just as FACTA must be read to harmonize its two-tiered damages provisions, so too must it be read to comport with its legislative history, the textual reference to "damage," and Article III's standing requirements. Under both the statutory text and Article III, a plaintiff must allege some fact

35

of damage before putting a defendant at risk of statutory damages.  Because Katz has alleged no harm whatever, the dismissal of Katz's claims should be affirmed.

## **CONCLUSION**

For all the foregoing reasons, the judgment below should be affirmed.

Respectfully submitted,

New York, New York
April 29, 2015

PROSKAUER ROSE LLP

*/s/ Gregg M. Mashberg*
Gregg M. Mashberg
Charles S. Sims
David A. Munkittrick
11 Times Square
New York, New York 10036
(212) 969-3000

*Attorneys for Defendants-Appellees*

36

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 7,687 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Times New Roman font.

April 29, 2015

\s\ David A. Munkittrick
David A. Munkittrick
*Attorney for Defendants-Appellants*