*The Law Offices of Shimshon Wexler, PC*
*1411 Dalewood Dr NE*
*Atlanta, GA 30329*
*Tel (212)760-2400*
*Fax (917)512-6132*
*swexleresq@gmail.com*

October 9, 2015

Via CM/ECF
US Court of Appeals, Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: Katz v. The Donna Karan Company, LLC
     Docket No.: 15-464

To Whom it May Concern:

 On behalf of Plaintiff-Appellant Yehuda Katz in the above referenced matter, this letter is being submitted pursuant to FRAP 28(j) to bring to the Court's attention a supplemental authority.

The district court's opinion in *Reed v Swatch Group (US), Inc.*, No. 14-896, 2015 WL 5822669, at *3 (D.N.J. Oct. 1, 2015) analyzed allegations which were substantially similar to the allegations in the Amended Complaint in this case (JA 14-18)  -- allegations which were also stated in the Appellant's brief at pages 5-10 describing the Amended Complaint in our case -- and found that "Because Plaintiffs allege that defendants were informed with sufficient depth or frequency of the specific requirements of the statute as applied to them ... knowledge of or recklessness as to [a violation] could be plausibly inferred." (internal quotations and citations omitted).

The reasoning in *Reed* is virtually indistinguishable from the argument presented on page 21 of the Appellant's Brief:

> "Based on Defendants' receipt of FACTA's requirements from multiple sources for several years, Plaintiff alleges, and plausibly so, that Defendants knew about FACTA's requirements. JA18.

> These facts thus plausibly suggest that not only did Defendants know about FACTA's requirements, as the district court found (JA30), but virtually compel the further inference that Defendants knew that they were not in compliance when they systematically provided receipts to Plaintiff and members of the class containing the first six digits of card numbers."

The opinion in *Reed* directly refutes the district court's finding below that "Plaintiffs complaint is devoid of any well-pleaded facts which allow the plausible inference that Defendants willfully, knowingly, or recklessly violated FACTA." (JA 30-31).

Respectfully,

/s/ Shimshon Wexler